**Judy CHEATWOOD, A Feme Sole, Appellant,**

v.

**B. H. JACKSON, Appellee.**

**No. 399.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 4, 1970.

Rehearing Denied Nov. 25, 1970.

Robert A. Cattanach, Houston, for appellant.

Raymond H. Wilson, Houston, for appellee.

TUNKS, Chief Justice.

This is an appeal from a judgment non obstante veredicto in favor of defendant in a libel case.

The plaintiff, Judy Cheatwood, a feme sole, was a tenant pursuant to a written rental agreement in an apartment house of which the defendant, B. H. Jackson, was part owner. The subject of this suit is a letter written by defendant to the plaintiff evicting her from the apartment house.

Carbon copies of the letter were sent to a Mrs. Curry, the resident manager of the apartment house, and to Houston Apartment Association, Inc., an organization of apartment owners. On the first trial of this case, the trial court granted defendant's motion for summary judgment.

On plaintiff's appeal from the summary judgment, this Court, in 442 S.W.2d 789, writ ref., n. r. e., 445 S.W.2d 513 (Sup.Ct.), held, (1) the publication was libel within the statutory definition, (2) the summary judgment evidence established that the publications alleged were made under circumstances creating a conditional or qualified privilege, (3) because of this fact the plaintiff would have the burden of proving malice or want of good faith upon a regular trial, (4) that on motion for summary judgment the defendant, as movant, had the negative burden of proving the absence of such malice and the presence of good faith. Since the record neither conclusively negated the existence of a genuine issue of fact as to the defendant's malice or want of good faith, nor established affirmatively the defense of truth, this Court reversed and remanded the judgment of the trial court.

Upon the trial of this case on the merits the Court submitted two special issues to the jury. In answer to special issue number one, the jury found that the defendant in publishing the letter was actuated by malice, that is, ill-will, bad or evil motive, or such gross indifference to the rights of the plaintiff as will amount to willful or wanton act on the part of the defendant. The jury awarded the plaintiff general damages in the amount of $5,000. The trial court granted defendant's motion for judgment n. o. v. on the ground that the evidence raised no issue of fact of actual or express malice on the part of defendant in relation to the delivery and publication of the libelous communication. On this appeal, the plaintiff contends that there was evidence of probative force to support the jury's finding.

■ The plaintiff has the burden of proving that the defendant was motivated by malice when he published the letter. When testing the evidence against the judgment n. o. v., we are concerned with the no evidence rule. The evidence in the record must be considered from the standpoint most favorable to the plaintiff, the party against whom the motion is sought. Leyva v. Pacheco, 163 Tex. 638, 358 S.W. 2d 547 (1962).

It is therefore necessary to determine whether there is any evidence of probative value to support the jury's finding. Mrs. Curry, an employee of defendant and the resident manager of the apartment house where plaintiff lived, testified that the plaintiff sat around the swimming pool drinking intoxicating liquors and was "quite loud;" that on one occasion while the plaintiff was so conducting herself the manager was showing an apartment to a couple of prospective renters and the plaintiff loudly yelled, "Is everyone moving out of these damned apartments?" which conduct caused the couple not to rent the apartment; that on another such occasion when two men, as prospective renters, were being shown an apartment while the plaintiff was sitting in the patio drinking, she shouted, " * * * be sure and tell them who will be their next door neighbor—Judy Cheatwood." Mrs. Curry reported the plaintiff's conduct to Mr. and Mrs. Tilotta, the partial owners of the apartment house. The Tilottas discussed the matter with the defendant. On October 6, 1967, the defendant mailed to the plaintiff the following letter:

"This is to notify you that the apartment rental agreement between you and the Wes-Lyn Apartments dated November 12, 1966 is hereby cancelled, effective immediately. This action is in accordance with Article No. 11 and No. 19 of the rental agreement.

"Your continued occupancy of the apartment is permissible in order to permit you to find other accommodations proving the apartment is vacated on or before October 14, 1967.

"Any prepaid rent will be refunded on a pro-rata basis when the apartment is vacated.

"Your deposit will be refunded under the terms of the rental agreement after you have moved and an inspection of ·the apartment has been made."

The rental agreement referred to in the letter was the one signed by the plaintiff. It was on the standard form furnished by Houston Apartment Association, Inc., to its members. Article 11 of the agreement was in the following language:

"11. Tenant will see that the conduct of himself, his family and guests is never disorderly or boisterous; and it does not disturb or interfer with the rights, comfort or convenience of other persons on or around the premises; that is not unlawful or immoral."

Article 19 provided that violation by the tenant of the terms of the agreement, including disorderly conduct and failure to pay rent gives the owner the right to terminate the lease without notice and to take immediate possession of the premises.

The Houston Apartment Association, Inc., was an organization of apartment owners of which the defendant was a member, and which served its members as a clearing house for information concerning the desirability or undesirability of prospective tenants. Mrs. Shapiro, the office manager of the Houston Apartment House Association, Inc. testified that upon receipt of the letter she prepared the card for the organization's files classifying the plaintiff as "undesirable."

The defendant testified unequivocally that he had no ill will, malice or hatred toward the plaintiff; that he had not had personal contact with the plaintiff at any time. The defendant stated that the letter was based solely upon the report of Mrs. Curry, that he believed the report to be true, and that he made no separate investigation concerning the truth of the report. The plaintiff testified that she did not personally know the defendant or the Tilottas.

■■ Since the communication that is the subject of this suit was conditionally privileged, the law places the burden on the plaintiff to prove that the defendant, in the exercise of the privilege, was prompted by malice or lack of good faith. Dun & Bradstreet, Inc. v. O'Neil, Tex.1970, 456 S.W.2d 896; Buck v. Savage, Tex.Civ.App., 323 S.W.2d 363, writ ref., n. r. e.; St. Louis Southwestern Ry. Co. of Texas v. Pickel, Tex.Civ.App., 256 S.W. 273, no writ hist.; Creswell v. Pruitt, Tex.Civ.App., 239 S.W.2d 165, no writ hist.; Houston Press Co. v. Smith, Tex.Civ.App., 3 S.W.2d 900, writ dismd.; Gulf Construction Company v. Mott, Tex.Civ.App., 442 S.W.2d 778, no writ hist. It is clear that this essential proof of malice on the part of the defendant cannot be inferred from the falsity of the statement alone. Buck v. Savage, supra; Jenkins v. Taylor, Tex.Civ.App., 4 S.W.2d 656, writ dismd.; Laughlin v. Schnitzer, Tex.Civ.App., 106 S.W. 908, no writ hist.; Gulf Construction Company v. Mott, supra.

■ On this appeal, the plaintiff is apparently contending that defendant's malicious intent in making the communication is evidenced by his failure to investigate the truth of the report that was the basis of the communication. The failure to investigate the truth of a privileged communication is not of itself evidence of malice. Dun & Bradstreet, Inc. v. O'Neil, supra. The Texas Supreme Court has held that the failure to investigate the charges in a communication is not inconsistent with the defendant's good faith so as to justify a legal inference of malice. International & G. N. Ry. Co. v. Edmundson, Tex.Com.App. 1920, 222 S.W. 181. In El Paso Times, Inc. v. Trexler, Tex.1969, 447 S.W.2d 403, our Supreme Court held: "Failure to investigate the truth or falsity of a statement before it is published has been held insufficient to show actual malice. Negligence or failure to act as a reasonably prudent man is likewise insufficient."

The essential issue in making a determination as to the presence of malice on the part of the defendant is the issue of whether the defendant believes the truth of the conditionally privileged communication. In International & G. N. Ry. Co. v. Edmundson, supra, the Supreme Court said: "If one makes a statement, believing it to be true, he would not lose the protection arising from the privileged occasion, although he has no reasonable ground for his belief.

" * * * The question is not whether the charge was true or false nor whether (defendant) had sufficient cause to believe that plaintiff did (the acts charged) or whether (defendant) acted hastily or through mistake, but the question is, the occasion being (conditionally) privileged, whether there is evidence for the jury that (defendant) knew or believed it to be false." In the recent case of Dun & Bradstreet, Inc. v. O'Neil, supra, the Court held that there was no probative evidence to raise a fact issue on the question of actual malice because there was no evidence that the defendant knew that the conditionally privileged communication was false or "had any conscious doubts regarding its truth or falsity." The evidence that the defendant believed the truth of the report is undisputed in the case at hand.

From a careful examination of the record we are convinced that the letter in question was written entirely upon information supplied by Mrs. Curry, that defendant believed the statements therein to be true, and that the defendant published the letter without any ill feeling or malice whatever toward the plaintiff.

We hold that there is no probative evidence to support the jury's finding that the defendant was actuated by malice in publishing the letter.

The judgment of the trial court is affirmed.