A. K. MEADOWS, Petitioner,

v.

James A. GREEN et al., Respondents.

No. B–5111.

Supreme Court of Texas.

June 18, 1975.

Rehearing Denied July 16, 1975.

Louis M. Moore, Houston, for petitioner.

Fulbright & Jaworski, Thomas P. Sartwelle, Houston, for respondents.

PER CURIAM.

James A. Green, Jr., and A. K. Meadows entered into a custom brokerage house business in Houston in 1967. Disagreements arose over whether Meadows was a partner or an employee and whether or not Meadows had used business funds to pay personal debts. The business relationship was terminated in 1969. Green reported to the Harris County District Attorney's office that Meadows was his employee and that he had misapplied company funds. The district attorney presented this matter to the grand jury which returned two felony indictments for embezzlement. Meadows was tried and acquitted.

This suit was then filed by Meadows for malicious prosecution and a partnership accounting. The jury found that the business was a partnership; Green did not relate fairly and honestly all material facts about the business relationship to the district attorney's office; the prosecution was instituted by or through Green's aid and cooperation; Green acted without probable cause and with malice; Meadows was innocent; and substantial damages. Judgment

was entered for Meadows for $27,921.35. The Court of Civil Appeals reversed and rendered as to the action for an accounting, which is not before us, and reversed and remanded the cause of action for malicious prosecution. 517 S.W.2d 799. We reverse and remand to the Court of Civil Appeals.

The Court of Civil Appeals held that Green failed to preserve any challenges to the factual sufficiency of the evidence and that there is some evidence to support the jury's findings of the necessary elements of the cause of action. However, the court found that Meadows failed to prove by clear and convincing evidence that Green was actuated by malice in presenting the matter to the district attorney and therefore remanded the cause to the District Court.

▉ The points of error attacking factual sufficiency of the evidence before the Court of Civil Appeals are in proper form, but the only complaints in the trial court were Green's contentions that error was committed in submitting issues to the jury and in rendering judgment on the verdict. Those complaints do not go to the great weight and preponderance, or factual sufficiency, of the evidence. Chemical Cleaning, Inc. v. Chemical Cleaning & Equipment Service, Inc., 462 S.W.2d 276 (Tex.1970); McDonald v. New York Central Mutual Fire Ins. Co., 380 S.W.2d 545 (Tex.1964). The Court of Civil Appeals was correct in holding that no factual sufficiency points were before the court.

▉ In reaching its decision the Court of Civil Appeals has sought to apply a third standard of reviewing the evidence presented at trial—the "clear and convincing" standard. In Texas there are but two standards by which evidence is reviewed: factual sufficiency and legal sufficiency. The requirement of clear and convincing evidence is merely another method of stating that a cause of action must be supported by factually sufficient evidence. Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401 (1960); Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206 (1950).

▉ There being no proper assignments of error before the Court of Civil Appeals challenging the verdict because of the factual sufficiency of the evidence, it was error to reverse and remand the cause for retrial on that ground.

Since the decision of the Court of Civil Appeals is in conflict with our holding in Omohundro v. Matthews, *supra,* that clear and convincing evidence is but another way of describing factual sufficiency of the evidence, under Rule 483, Texas Rules of Civil Procedure, we grant writ of error and, without hearing oral argument, reverse the judgment of the Court of Civil Appeals and remand the cause to that court for determination of the assignments of error asserting excessiveness of the damages.