Eloy Flores ARMENDARIZ, Appellant,

v.

BILL SEARS SUPERMARKET NO. 1, a corporation, Appellee.

No. 6655.

Court of Civil Appeals of Texas, El Paso.

Feb. 8, 1978.

Rehearing Denied March 8, 1978.

## OPINION

WARD, Justice.

The Appellant, Eloy Flores Armendariz, instituted this negligence action against the Appellee, Bill Sears Supermarket No. 1, a Corporation, because of his arrest and detention in County jail as a result of a warrant for his arrest being issued pursuant to a complaint having been filed charging him with passing a forged check. Three special exceptions were levelled against the pleadings pointing out that the Appellant's remedy was only for malicious prosecution, that necessary allegations for that cause of action of want of probable cause were missing from the pleadings, that allegations of negligence and proximate cause were impermissible substitutes for the real cause of action, and that the pleadings on their face showed that the real cause of action for malicious prosecution was barred by the one-year Statute of Limitations. Tex.Rev. Civ.Stat.Ann. art. 5524. The special exceptions were sustained, the Appellant amended but declined to meet the objections made to the pleadings, and the cause of action was dismissed. We affirm.

The action of the trial court in sustaining the special exceptions and in ordering the dismissal for the failure to state a cause of action requires that on this appeal we assume as true all factual allegations set forth in the Appellant's first amended petition. *Rogowicz v. Taylor and Gray, Inc.*, 498 S.W.2d 352 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.). The pleadings are to the effect that on August 18, 1973, the Appellant was working in Houston when unknown to him an unknown person passed a forged check at one of the Appellee's stores in Odessa. The check was a forgery, was payable to "Eloy Flores," and the store clerk told the police in Odessa that the Appellant had passed the check. Upon investigation, the police were told by Appellant's mother that the Appellant was working in Houston on the date of the alleged offense, and she gave the police the Appellant's photo. This was then shown to the

W. R. Barnes, Joseph V. Gibson, III, Odessa, for appellant.

Will Hadden, Odessa, for appellee.

store clerk and the clerk again insisted that Appellant gave her the check. The mother then obtained a more recent photo and showed this to the clerk and told her where the Appellant was working in Houston, and the clerk continued to insist that the Appellant was the one who gave her the forged instrument. No effort was thereafter made by the Appellee to investigate the information given to it, either before or after charges had been filed in Odessa. It was not until February 19, 1974, that the Appellant was arrested in Houston and placed in the County jail, and he remained there until February 28, 1974. It was only upon his promise that he would travel to Odessa at his own expense and take a lie detector test that he was able to secure his release from the Houston jail. On March 5th, he submitted himself to the Odessa police for testing on the polygraph machine and, as a result of the test, the police caused the criminal charges pending against the Appellant to be dismissed. The Appellant further alleged substantial damages; that the acts and his damages were caused by the negligence of the Appellee in causing the criminal charges to be filed, in identifying the Appellant as the person passing the forged instrument, in failing to investigate the Appellant's whereabouts on August 18, 1973, before causing the complaint to be filed, in failing to investigate his whereabouts after the complaint was filed, and in failing to cause the charges against him to be dismissed after Appellee was informed that he was in Houston on August 18th; and that all of the acts constituted negligence and were a proximate cause of the damages suffered by him.

Appellant readily admits that he has not alleged a cause of action for malicious prosecution, and further concedes that no cause of action was alleged when he asserted the Appellee's negligence in filing the criminal action. It is his position that the circumstances in this case were most unusual because of the extreme period passing between the filing of the charges and his arrest; that the Appellee did act in a negligent manner in this case after the charges were filed as the Appellee was given infor-

mation which would have caused a reasonable prudent person under the same or similar circumstances to make a further investigation to determine if Appellant was truly the person who passed the forged instrument; and that a simple phone call to the Appellant's employer in Houston would have immediately revealed the true facts of the Appellant's innocence. The Appellant points out that the allegations of negligence in his pleadings, which he continues to insist upon, are: (1) that Appellee was negligent in failing to investigate Appellant's whereabouts on August 18, 1973, after criminal charges were filed against Appellant and after being told that Appellant was in Houston on that date; and (2) that Appellee was negligent in failing to cause the charges against the Appellant to be dismissed after it was informed that Appellant was in Houston on August 18, 1973.

However, regardless of what approach is taken, the arrest, detention and damages alleged were all caused by the Appellee having set in motion the machinery of the law against the Appellant, however rusty it might be. The policy of the law then intervenes and protects the citizen instituting the criminal proceeding since that policy favors the exposure of crime, while a recovery against the complaining witness would obviously tend to discourage it. As a result, the only protection available to the accused is the action for malicious prosecution, which is more difficult to maintain, and affords much less protection to the interest of the accused than any action of false imprisonment or negligent imprisonment. *Parker v. Dallas Hunting and Fishing Club,* 463 S.W.2d 496 (Tex.Civ. App.—Dallas 1971, no writ); *Montgomery Ward & Co. v. Kirkland,* 225 S.W.2d 906 (Tex.Civ.App.—San Antonio 1949, writ ref'd n.r.e.); Harper, Malicious Prosecution, False Imprisonment and Defamation, 15 Tex.L.Rev. 157 (1937); 37 Tex.Jur.2d Malicious Prosecution, Secs. 1–3 (1962). The complainant is not required to first ascertain what defense a defendant may be able to offer before he files charges when he has probable cause for doing so. *Mont-*

**532**

gomery *Ward & Co. v. Kirkland,* supra. We hold that the same rule should be applied to the Appellant's attempt to allege a cause of action based on failure to investigate the facts after charges were filed or to cause the charges to be dismissed. The Appellant does have his remedy of malicious prosecution, but the public policy requires and demands that the rules governing such action be strictly adhered to. *Parker v. Dallas Hunting and Fishing Club,* supra at 499. Since neither malice nor lack of probable cause have been alleged, and the one-year Statute of Limitations for malicious prosecution has expired, the trial court was correct in sustaining the special exceptions and Appellant's points are overruled.

The judgment of the trial court is affirmed.