MARATHON OIL COMPANY, R.K. McCord, C.G. Horner, T.W. Slicker, and M.G. Raiford, Appellants,

v.

Paul F. SALAZAR, Appellee.

No. 01–82–0448–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 15, 1984.

Rehearing Denied Dec. 20, 1984.

Russell Serafin, Mills, Shirley, McMicken & Eckel, Galveston, for appellants.

A. Lee McLain, McLain & Niehaus, Wayne H. Paris, McLain & Niehaus, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and BASS, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a judgment based on jury answers to special issues in a suit for malicious prosecution, libel, and slander, awarding plaintiff-appellee, Paul F. Salazar, compensatory and punitive damages totaling $765,000.

Salazar, a seven-year employee of the appellant, Marathon Oil Company, sued Marathon and the four individual appellants, all of whom are Marathon "officers, employees or managing agents," after he

was charged with, arrested, and fired for the theft of a tool, a "Coffing 1½ ton Comealong," owned by a Marathon sub-contractor and found in appellee's garage. Later investigation revealed that an employee of the sub-contractor had consented to loan the tool to Salazar. The criminal complaint against Salazar was dismissed by a justice of the peace on an assistant district attorney's motion some two weeks after it was filed and prior to the hearing of a once-reset examining trial.

Appellants urge forty-two points of error, combined into five consolidated points, each attacking one of the court's five special issues and the accompanying definitions and instructions.

By their answer to Special Issue No. 1, the jury found that appellant Marathon and each of the four individual appellants maliciously prosecuted Salazar for the crime of theft. In their first consolidated point of error, the appellants contend that the trial court erred in overruling their objections and tendered issues, instructions, and definitions to Special Issue No. 1 because the charge: (1) failed to submit ultimate and controlling issues of the malicious prosecution cause of action; (2) informed the jury of the effect of their answers; (3) constituted a direct comment on the weight of the evidence; (4) failed to submit proper and correct definitions as to the law; (5) eliminated the plaintiff's burden to prove malicious prosecution by a preponderance of the evidence; and, (6) in effect, instructed the jury to return a verdict for the plaintiff.

Because the definition of "probable cause" submitted by the trial court was erroneous, we will address that sub-part of this point of error first.

The court's definition of "probable cause" read as follows:

"Probable cause" requires a full and fair disclosure of all material facts, which include all facts known to complainant(s) [sic] that would have affected the prosecuting authority's decision to prosecute or not prosecute Paul Salazar *and all facts later discovered that would have affected the prosecuting authority's decision to continue or not continue the prosecution; they also include facts that the complaintant(s) [sic] arbitrarily refuses to seek or investigate, which a reasonable person would have sought or investigated.* However, unless the complainant [sic] discloses to the prosecuting authority all material facts known to him relating to the matter, "probable cause" does not exist. (Emphasis added).

Appellants urge that this definition of probable cause erroneously implies that a complainant has a legal duty not only to make a full and fair disclosure to the prosecuting authority *before* filing a criminal complaint, but also *to continue to investigate* and disclose facts discovered *after* the filing of a complaint. There is no such duty.

█ A party filing or causing the filing of a criminal complaint does so upon probable cause where, in good faith, he makes a full and fair disclosure of the facts and circumstances known to him at the time and the complaint is thereafter filed; however, unless he acts in good faith in disclosing to the prosecuting attorney all material facts known to him, probable cause does not exist. *Eans v. Grocer Supply Co., Inc.,* 580 S.W.2d 17, 21 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Ada Oil Company v. Dillaberry,* 440 S.W.2d 902, 910 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ dism'd). Probable cause has been defined as a state of mind in that the facts are regarded from the point of view of the party prosecuting; the question is not what the actual facts were, but what he honestly and reasonably believed them to be. *Green v. Meadows,* 517 S.W.2d 799, 810 (Tex.Civ.App.—Houston [1st Dist.] 1974), *rev'd on other grounds,* 524 S.W.2d 509, *appeal after remand,* 527 S.W.2d 496 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

█ A private citizen has no duty to inquire of the suspect whether he has some alibi or explanation before filing charges.

*Armendariz v. Bill Sears Supermarket No. 1*, 562 S.W.2d 529, 531–32 (Tex.Civ. App.—El Paso 1978, writ ref'd n.r.e.); *Montgomery Ward & Co., Inc. v. Kirkland*, 225 S.W.2d 906, 909 (Tex.Civ.App.—San Antonio 1949, writ ref'd n.r.e.); *Deaton v. Montgomery Ward & Co.*, 159 S.W.2d 969, 972 (Tex.Civ.App.—Beaumont 1942, writ ref'd w.o.m.). Further, once a person fairly discloses the facts in his possession to the prosecuting officer, he has no duty to make further investigation; it is the duty of the officer to investigate further if he thinks necessary. *Carswell v. Southwestern Bell Telephone Co.*, 449 S.W.2d 805, 817 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ).

Appellants' tendered definition of "probable cause" read:

"PROBABLE CAUSE": The existence of such facts and circumstances as would excite the belief in another person of a reasonable mind acting on the facts or circumstances within his knowledge at the time that the Plaintiff was guilty of some form of the offense of theft, as hereafter defined. You are further instructed that the question of probable cause does not depend upon the guilt or innocence of the Plaintiff.

This requested but refused definition is correct, and is essentially identical to that approved by the Texas Supreme Court in *Akin v. Dahl*, 661 S.W.2d 917, 921 (Tex. 1983).

■ Rule 277, Tex.R.Civ.P., authorizes the trial judge to submit such explanatory instructions as are "proper" to aid the jury in answering special issues without giving a general explanation of the law. However, the court must define legal and other technical terms, *Johnson v. Whitehurst*, 652 S.W.2d 441, 447 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.), and a charge which does not instruct correctly as to the law applicable to the facts is improper. *Gulf Coast State Bank v. Emenhiser*, 562 S.W.2d 449, 453 (Tex.1978).

The court's instruction failed to inform the jury that probable cause depends upon what the appellants knew when they filed the complaint. Events *prior* to the institution of the proceedings must be examined, *and only those events*, to determine if the appellants had probable cause to act. *Akin* at 920.

There is no evidence in the record that the appellants knew, before filing the criminal complaint, that the appellee had permission to borrow the tool. The evidence showed that, at the time the complaint was filed, (1) the individual appellants knew that appellee had in his garage a piece of equipment that belonged to Marathon's sub-contractor, and (2) the sub-contractor's personnel had verified to the individual appellants, apparently erroneously, that there had been no loan of this equipment to appellee. Only after the appellee had been arrested and released on bond did the sub-contractor's employee, Judd Hendricks, recall having spoken to the appellee about borrowing the equipment.

■ As worded, the court's instruction failed to pinpoint the time when the probable cause question was to be answered. It erroneously allowed the jury to find a lack of probable cause based on events that occurred subsequent to the filing of charges and appellee's arrest. Additionally, this instruction implied that the appellants had the duty to confront the appellee with their suspicions before filing the charge. This is a misstatement of the law, and such an omission does not establish the lack of probable cause. *Armendariz*, 562 S.W.2d at 531–32.

■ While appellants' actions both before and after the filing of the criminal complaint may be considered by the trier of fact as evidence that the appellants acted *with malice* in prosecuting the appellee, and while malice may be inferred from the want of probable cause, *Adams v. Thomas*, 638 S.W.2d 933, 937 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.), the want of probable cause can never be inferred from proof of malice. *Parker v. Dallas Hunting & Fishing Club*, 463 S.W.2d 496, 500 (Tex.Civ.App.—Dallas 1971, no writ);

*Biering v. First National Bank,* 69 Tex. 599, 7 S.W. 90 (1888).

■ The court's charge was a substantive misstatement of the definition of "probable cause," and its submission constituted error which was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Tex.R. Civ.P. 434; *Gulf Coast State Bank v. Emenhiser,* 562 S.W.2d at 453–54.

We have examined the complaints contained in the remaining sub-parts of appellants' first consolidated point of error and find that they are without merit. Appellants' first consolidated point of error is sustained as to that portion complaining of the erroneous definition of "probable cause."

■ Appellants' second consolidated point of error relates to the trial court's charge on slander in Special Issue No. 2. However, any error in the submission of this issue was rendered moot by the jury's finding against the appellee on this issue. Furthermore, the appellants have not complained on appeal that the submission of Special Issue No. 2 in any way affected the submission of the other issues in the court's charge. Appellants' consolidated point of error two is overruled.

Appellants' third consolidated point of error asserts that the trial court erred in submitting the libel issue to the jury because (1) there was no evidence or insufficient evidence to support the submission; (2) the charge failed to include an instruction concerning "qualified privilege" or a definition of "publish/publication;" and, (3) the charge failed to include all of the necessary elements of a libel cause of action.

We first consider appellants' claim of error in the court's refusal to give an instruction defining "qualified privilege."

As submitted to the jury Special Issue No. 3 read:

Do you find from a preponderance of the evidence that any Defendants have libeled the Plaintiff? Indicate (X) such Defendants, if any, below:

DEFINITION: "Libel" is defined as any statement or opinion expressed in writing that tends to injure the reputation of another and expose him to public contempt or ridicule; or tends to impeach his integrity, honesty, or reputation.

The jury answered "We do" as to appellant Marathon Oil Company and the individual appellants McCord and Horner, but "We do not" as to appellants Raiford and Slicker.

Plaintiff's operative pleading, his Sixth Amended Original Petition, alleges libel as a consequence of the wrongful filing of the criminal complaint charging him with theft.

Appellants objected to the submission of Special Issue No. 3 without an accompanying definition of "qualified privilege," and tendered a proposed instruction which read as follows:

"QUALIFIED PRIVILEGE": You are instructed that when a communication is made in good faith on a subject matter in which the author of the communication has an interest or with reference to which he has a duty to perform, to another person having a corresponding interest or duty, that the communication, under such circumstances, is "qualifiedly privileged". You are further instructed that any communications of alleged wrongful acts to an official authorized to protect the public from such acts is "qualifiedly privileged". This means that such communications cannot be the basis of libel or slander or a claim for damages against a Defendant, unless said statements are false and made with malice. You are instructed that as long as the Defendants only made the facts of the arrest and termination available to other employees, then said communications were "qualifiedly privileged". You are further instructed that the communications contained in the criminal complaint were "qualifiedly privileged".

You are further instructed that when a publication is qualifiedly privileged the burden of proof is on the Plaintiff to show that said publications were false

and made with malice. You are further instructed that there must be actual evidence of malice as that term is defined, and that malice cannot be inferred from the publication of the facts themselves, even if said facts are false.

■■■ The requested instruction correctly stated the applicable law of qualified privilege. A communication on a subject in which the author or the public has an interest, or with respect to which the author has a duty to perform to another owing a corresponding duty, may constitute a qualified or conditional privilege. *British Overseas Airways Corp. v. Tours and Travel of Houston, Inc.*, 568 S.W.2d 888, 892–93 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). In addition,

> Accusations against an employee by his employer or another employee made to a person having a corresponding interest or duty in the matter to which the communication relates, are qualifiedly privileged.

*Bergman v. Oshman's Sporting Goods, Inc.*, 594 S.W.2d 814, 816 (Tex.Civ.App.—Tyler 1980, no writ).

■■■ Charging one falsely with the commission of any crime for which he may be punished by imprisonment is libel *per se*. *Christy v. Stauffer Publications, Inc.*, 437 S.W.2d 814, 815 (Tex.1969). Such written or printed words are held to be so obviously hurtful to the person aggrieved by them that they require no proof of their injurious character to make them actionable. *Rawlins v. McKee*, 327 S.W.2d 633, 635 (Tex. Civ.App.—Texarkana 1959, writ ref'd n.r. e.). Plaintiff was charged with stealing an item worth $176.50, a Class A misdemeanor, which could have resulted in both fine and imprisonment. Tex.Penal Code Ann., Sections 31.03, 12.21 (Vernon 1974). Thus, the appellee had no duty to prove injury to his reputation, public contempt or ridicule, or the impugning of his integrity.

■■■ Malice is also presumed and need not be proved in actions where the words used are libelous *per se*. *Goree v. Carnes*, 625 S.W.2d 380, 385 (Tex.App.—San Antonio 1981, no writ) (citing *Houston Belt &*

*Terminal Railway Co. v. Wherry*, 548 S.W.2d 743 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e., *cert. denied* 434 U.S. 962, 98 S.Ct. 497, 54 L.Ed.2d 447 (1977)).

■■■ On the other hand, the law presumes good faith and want of malice where the utterance is qualifiedly privileged. *Goree* at 385 (citing *Jackson v. Cheatwood*, 445 S.W.2d 513 (Tex.1969)). Qualified privilege is lost, however, if the defamatory statement is in any degree actuated by malice. *Houston v. Grocers Supply Co., Inc.*, 625 S.W.2d 798, 801 (Tex.App.—Houston [14th Dist.] 1981, no writ). In short, if the plaintiff was defamed by a written complaint that was libelous *per se*, he was obliged to secure a jury finding of malice only if the subject communication was a qualifiedly privileged one.

Appellants pled in their operative pleading, their Fourth Amended Original Answer, that the filing of the criminal complaint was privileged, or in the alternative, qualifiedly privileged. The Texas Supreme Court decision of *James v. Brown*, 637 S.W.2d 914 (Tex.1982) would appear to be authority that appellants Slicker's and Horner's filing of the criminal complaint against appellee in the justice of the peace court was absolutely privileged. The court there stated:

> Communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander regardless of the negligence or malice with which they are made. *Reagan v. Guardian Life Insurance Co.*, 140 Tex. 105, 166 S.W.2d 909 (1942). This privilege extends to any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case.

*Id.* at 916. *Accord Hott v. Yarborough*, 112 Tex. 179, 245 S.W. 676 (1922); *Meyer v. Viereck*, 286 S.W. 894 (Tex.Civ.App.—Galveston 1926, writ dism'd).

However, appellants did not object, based on absolute privilege, to the submission of appellee's libel cause of action. They rely instead on the authority of *Zarate v. Cortinas*, 553 S.W.2d 652 (Tex.Civ.App.—Corpus Christi 1977, no writ), for the proposition that they had a qualified or conditional privilege to file the criminal complaint. The *Zarate* court recognized that "[i]n Texas the rule has been established that communications uttered or published in the course of a judicial proceeding are absolutely privileged ...," *Id.* at 655, but went on to state:

> We are of the opinion that the better reasoned rule is to hold that the communication of alleged wrongful acts to an official authorized to protect the public from such acts is a *qualified* privilege.... The qualifying criterion for such a privilege is that the statements must be made in good faith and without malice. (Emphasis added).

553 S.W.2d at 655.

When a libel action is based on a conditionally or qualifiedly privileged publication, and such privilege is shown to exist, the plaintiff has the burden of showing that the privilege is lost by proving that the publication was made with malice or a want of good faith. *Dun and Bradstreet, Inc. v. O'Neil*, 456 S.W.2d 896, 898 (Tex. 1970); *Houston Belt & Terminal Ry. Co. v. Wherry*, 548 S.W.2d at 754. Qualified privilege is lost if the communication is in any degree actuated by malice. *Houston v. Grocers Supply Co., Inc.*, 625 S.W.2d 798 at 801.

Because the affirmative defense of privilege was asserted in appellants' answer, and because the undisputed evidence showed that two of the appellants filed the criminal complaint in question before the justice of the peace, the appellants met their burden of pleading and proof of qualified privilege, *Denton Publishing Co. v. Boyd*, 460 S.W.2d 881, 884 (Tex.1970), and were entitled as a matter of law to have a jury determination on the issue unless, as appellee urges in his reply brief, the evidence showed conclusively that the appellants acted with malice.

Malice has been defined as ill will, bad or evil motive, or such gross indifference or reckless disregard of the rights of others as to amount to a willful or wanton act. *Buck v. Savage*, 323 S.W.2d 363, 373 (Tex.Civ.App.—Houston [1st Dist.] 1959, writ ref'd n.r.e.). Malice in a libel suit means publication with the knowledge that the communication was false or with reckless disregard for whether it was false. *El Paso Times v. Trexler*, 447 S.W.2d 403, 405 (Tex.1969).

The facts in this case do not conclusively establish malice in the filing of the theft charge. Proof of malice cannot be inferred from the falsity of the statement alone. *Cheatwood v. Jackson*, 460 S.W.2d 528, 530 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.). Negligence, failure to investigate the truth or falsity of a statement before publication, and failure to act as a reasonably prudent man have been held insufficient to show malice. *El Paso Times*, 447 S.W.2d at 406. The evidence showed that at no time prior to the filing of the criminal complaint did any of the appellants know or believe that the appellee had permission to borrow the equipment in question. Appellants were entitled to submission of the tendered instruction on qualified privilege.

There is evidence that the appellants could not account for the presence of the comealong in plaintiff's garage, and relied upon information from Marathon's subcontractor's employees that a comealong had not been loaned at the jobsite. A jury might have inferred malice, however, from testimony by appellants that they intended to file charges first and then investigate further, from evidence of racial prejudice against plaintiff, from evidence of appellants' post-arrest termination of plaintiff after Hendricks told them he had consented to loaning the tool, and from evidence of their persisting with the prosecution when they knew the whole story. *Stearns v. McManis*, 543 S.W.2d 659, 664

(Tex.Civ.App.—Houston [1st Dist.] 1976, writ dism'd). The issue was a proper one for jury determination upon proper instructions. The court's rejection of appellants' proposed instruction on qualified privilege denied them the right to have the jury decide whether it believed they acted with malice in filing the complaint. Such an error significantly reduced plaintiff's burden of proof, and therefore requires reversal of the judgment on the libel case.

We have considered the factual insufficiency point contained in this consolidated point of error, and find it to be without merit. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Appellants' third consolidated point of error is sustained as to that portion complaining of the omission of an instruction concerning "qualified privilege."

Appellant's fourth and fifth consolidated points of error complain of the trial court's action in refusing their requested instructions and definitions, and in overruling their objections to Special Issues No. 4 and No. 5, the compensatory and punitive damages issues. We have examined each contention, and find each to be without merit. Consolidated points of error four and five are overruled.

The judgment is reversed and the cause is remanded to the trial court.

EVANS, C.J., dissenting.

EVANS, Chief Justice, dissenting.

In my opinion the court's definition of "probable cause" does not, under the particular circumstances of the case, require the reversal of the trial court's judgment and a new trial.

The court's charge on probable cause authorized the jury, in deciding whether the appellants had made a full and fair disclosure of all material facts, to consider all facts, either known to or later discovered by the appellants, that would have affected the prosecuting authority's decision to prosecute or to continue to prosecute the charge against the appellee. This, according to the court's charge, would include any facts that the appellants may arbitrarily have refused to seek out or investigate, if a reasonable person would have sought or investigated such facts.

I agree with the general statement of the law in the majority opinion that a complainant is not required, before reporting a suspected crime, to inquire of the suspected party whether he has some alibi or explanation. Neither do I question, as a general statement of the law, that if the complaining party makes a full, fair, and complete statement to the prosecuting authorities, he is under no duty to investigate the matter further. I also recognize that, in determining probable cause, the question is not what the actual facts were, but what the complaining party honestly and reasonably believed them to be.

I do, however, disagree with the conclusion reached in the majority opinion that these general statements of law control the disposition of the instant case. Here, the appellants took affirmative steps to assure the arrest and prosecution of the appellee, and their actions extended beyond the mere reporting of a suspected crime to the authorities. Therefore, in deciding whether probable cause existed in this case, the jury was entitled to consider the actions of the appellants both "at the beginning and during the course of" the prosecution. *See, e.g., Sullivan v. O'Brien*, 85 S.W.2d 1106, 1114 (Tex.Civ.App.—San Antonio 1935, writ ref'd).

The appellants admitted that when they first learned that the appellee had a comealong tool in his garage, they had no knowledge of any theft of such equipment. Then, even after they had determined that the tool did not belong to their company, they initiated their own investigation to determine whether it had been stolen. There was testimony that the appellants already had decided to fire the appellee when they caused him to be arrested, even before his guilt had been established. They also testified that they intended to carry out a thorough investigation of the matter *after* the appellee was arrested.

After filing the complaint, the appellants took it upon themselves to call the police and to give them information in aid of their locating and arresting the appellee. They also caused a notation to be made on the complaint, instructing that they be notified as soon as the appellee was arrested. On the very morning after the appellee's arrest, the appellants' inquiries revealed to them that the comealong had probably not been stolen and that it had merely been loaned to the appellee. Nevertheless, the appellants fired the appellee and never withdrew their complaint.

Even after learning of the probable innocence of the appellee, as a result of their own affirmative investigative efforts, the appellants continued to press their effort to have the prosecution continue. The appellants appeared at the first hearing of the case, knowing that the tool had probably not been stolen, but they did not disclose such exculpatory information to the prosecuting officials. Neither did they object to the continuance and rescheduling of the hearing. Even after dismissal of all charges against the appellee, the appellants tried to persuade the person who had exonerated appellee to sign an affidavit about his part in the case; however, that person refused to sign the affidavit, because it presented an incomplete and distorted picture of what had occurred.

The appellee presented competent evidence to negate the existence of probable cause, and that proof created a fact issue for the jury's determination. *See Akin v. Dahl*, 661 S.W.2d 917 (Tex.1983). In reaching its decision on that issue, the jury was entitled to consider all of the above-mentioned circumstances tending to show that the appellants had acted in bad faith, *Eans v. Grocer Supply Co.*, 580 S.W.2d 17 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ), including the fact that the appellants chose to institute the criminal proceeding in the justice of the peace court, rather than with the police or the sheriff's department, which had greater investigatory capability. The jury was also entitled to consider the undisputed evidence establishing the appellee's good character and reputation. *Jame-*

*son v. Zuehlke*, 218 S.W.2d 326 (Tex.Civ. App.—Waco 1948, writ ref'd n.r.e.).

From all such circumstances, the jury could reasonably have found that the appellants actively involved themselves in the prosecution of the appellee, without the existence of probable cause, and for the sole purpose of establishing a basis for terminating the appellee's employment. Under the pleadings and the evidence, the court's charge properly authorized the jury to consider not only those circumstances existing at the time the complaint was filed, but also those relating to the appellants' involvement in the continuation of the prosecution.

The appellants contend on appeal that the court's charge erroneously imposed the duty upon them, after charges were filed, to continue the investigation in an effort to obtain exculpatory evidence. A reading of the objections made to the court's charge during trial leaves doubt as to whether the trial court was adequately apprised that this constituted appellants' objection to the charge. However, even assuming that the court's definition is susceptible to that interpretation, and therefore erroneous, and that error was preserved by proper objection, no reversible error is presented, because the definition may be given a construction consistent with the law and the facts, and there is no showing that the jury was misled by the court's language.

A trial judge is given considerable discretion in framing legal definitions for submission to the jury, *Newspapers, Inc. v. Love*, 367 S.W.2d 185, 203 (Tex.Civ.App.—Austin 1963), *rev'd on other grounds*, 380 S.W.2d 582 (Tex.1964), and if a charge is susceptible to more than one interpretation, it will be presumed that the court intended the correct interpretation. *See Loving County v. Higginbotham*, 115 S.W.2d 1110, 1114 (Tex.Civ.App.—Eastland 1938, writ dism'd); 3 R. McDonald, *Texas Civil Practice in District and County Courts*, sec. 12.37.1 (1983). The court's definition of probable cause, considered in the light of the pleadings and the evidence, was subject to a

lawful construction, and the appellants have not shown any reasonable likelihood that the jury was misled thereby. *See Texas Power & Light Co. v. Hering,* 148 Tex. 350, 224 S.W.2d 191 (1949); *compare, Earthman's, Inc. v. Earthman,* 526 S.W.2d 192, 205–06 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

I would overrule the appellants' first point of error, and because the trial court's judgment may be supported on the finding of the jury to the first special issue, I would affirm the judgment.