IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

F I L E D

May 14, 2008

Charles R. Fulbruge III
Clerk

No. 08-10028
Summary Calendar

ALLEN CARLTON, JR

Plaintiff - Appellant

v.

DONALD STEELE, JR;
FAMILY DOLLAR STORES OF TEXAS LP

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
No. 4:05-cv-711

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Allen Carlton, Jr., appeals the district court's grant of summary judgment in favor of Donald Steele, Jr., and Family Dollar Stores of Texas, LP ("Family Dollar") on his claims for defamation and civil conspiracy under Texas law. Finding no error, we affirm.

I. Facts and Procedural Background

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On November 3, 2004, Carlton arrived in the parking lot of the Family Dollar store in Fort Worth, Texas, to meet a friend. On this same day a number of individuals had assembled in the parking lot to protest the manner in which Steele, the store manager, handled an alleged shoplifting incident one week earlier. While waiting, Carlton remained in close proximity to the protestors and struck up a conversation with one of them.

Inside the store, customers complained to Steele that the protestors had become very loud and were engaging in harassing and threatening behavior. In response to these complaints, Steele called the police to report a "disturbance" and stated that "a black male . . . wearing a cream or white jacket [and] a knit pullover cap" was one of the persons responsible for the customers' complaints. Although Steele did not identify Carlton by name, the description that he gave matched that of Carlton.

Police officers responded to Steele's call and consulted with Steele before confronting the protestors. At this time, Steele reiterated customer complaints about verbal harassment they experienced while attempting to enter the store. The officers then confronted the protestors. Carlton was still standing with them in the parking lot. After a brief conversation, the officers determined that Carlton was the subject of an outstanding warrant and arrested him.

Carlton subsequently filed suit against the police officers, Steele and Family Dollar, alleging violations of the Fourth and Eighth Amendments, malicious prosecution, intentional infliction of emotional distress, negligence, defamation, and civil conspiracy. The district court dismissed the claims against the officers. This court affirmed. Carlton v. Fearneyhough, No. 07-10676, 2008 WL 686595 (5th Cir. Mar. 12, 2008) (unpublished).

In this appeal, Carlton challenges the district court's judgment in favor of the remaining defendants, Steele and Family Dollar.

## II. Discussion

We review a grant of summary judgment de novo, applying the same standard as the district court. Greenwell v. State Farm Mut. Auto Ins. Co., 486 F.3d 840, 841 (5th Cir. 2007). Summary judgment may be granted only if there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We view the record in the light most favorable to the non-moving party and draw all justifiable inferences in the non-movant's favor as well. TIG Ins. Co. v. Sedgwick James of Washington, 276 F.3d 754, 759 (5th Cir. 2002).

Carlton argues that Steele defamed him by reporting to the police that he was intimidating and threatening customers of Family Dollar. Under Texas law, "[a] statement is defamatory if the words tend to injure a person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury." Austin v. Inet Technologies, Inc., 118 S.W.3d 491, 496 (Tex. App. 2003) (citing Tex. Civ. Prac. & Rem. Code § 73.001). Carlton's claim is one for slander because it stems from alleged oral statements made by Steele. Id. "Slander is a defamatory statement orally communicated or published to a third person without legal excuse." Burch v. Coca-Cola Co., 119 F.3d 305, 323 (5th Cir. 1997). As Steele's employer, Family Dollar may be held vicariously liable for any slanderous statements made by Steele. Hooper v. Pitney Bowes, Inc., 895 S.W.2d 773, 777 (Tex. App. 1995).

Steele and Family Dollar respond that Steele's statements are entitled to a "qualified privilege" from liability because they were made to law enforcement officials in the course of reporting a public disturbance in which he honestly believed Carlton was involved.[1] See Campbell v. City of San Antonio, 43 F.3d 973, 980 (5th Cir. 1995). Under Texas law, a speaker may be entitled to a

---

[1] Alternatively, Steele and Family Dollar argue that Steele's statements to the police was not defamatory because they were true. Because we decide that Steele's statements are entitled to qualified immunity under Texas law, we do not reach this alternative argument.

qualified privilege for "the communication of alleged wrongful acts to an official authorized to protect the public from such acts" so long as the communication was made "with proper motives and without actual malice." Id. "The communication is privileged unless made with the knowledge that . . . [i]t was false or with reckless disregard for whether it was false." Id. (quotation marks omitted; alterations in original). This privilege is driven by the public policy consideration that individuals must be able "to communicate with peace officers the alleged wrongful acts of others without fear of civil action for honest mistakes." Id. (quoting Zarate v. Cortinas, 553 S.W.2d 652, 655 (Tex. Civ. App. 1977)).

We agree with the district court's conclusion that Steele's statements fall within the range of communications contemplated under this qualified privilege. Therefore, the burden was on Carlton to show that the privilege was lost "by proving that the publication was made with malice or a want of good faith." Marathon Oil Co. v. Salazar, 682 S.W.2d 624, 631 (Tex. App. 1984). Carlton argues that Steele acted without good faith because: (1) Steele "has no witnesses but himself" to support the assertion that Carlton was harassing customers in the Family Dollar parking lot and (2) Steele lied when he told police that Carlton was "mad at him" due to the shoplifting incident.[2] As we discuss below, neither of these arguments creates a fact issue regarding Steele's good faith in relaying customer reports of Carlton's harassing behavior to the police officers.

First, Steele's affidavit is competent summary judgment evidence. Fed. R. Civ. P. 56(e)(1). We will not discount Steele's account of what customers relayed to him regarding Carlton's actions and what motivated him to contact the police on November 3, 2004, simply because he has not produced a

---

[2] Because Carlton pursues this appeal pro se, we apply less stringent standards in interpreting his arguments than we would in the case of a counseled party. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

corroborating witness. Carlton must point to specific facts that would show a genuine issue for trial. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Simply asserting that Steele should produce additional witnesses to support his arguments, even though competent evidence is already present in the record, is not sufficient to carry this burden.

To the extent Carlton argues that the testimony of "interested witnesses" should be met with some skepticism at the summary judgment stage, we agree. However, "a motion for summary judgment cannot be defeated solely by conclusional allegations that a witness lacks credibility." Thomas v. Great Atl. and Pac. Tea Co., Inc., 233 F.3d 326, 331 (5th Cir. 2001). Carlton argues that Steele could not truthfully assert that Carlton was "mad at him" (which Steele did when talking with police officers) while simultaneously maintaining that he did not know Carlton and had never met him before the day of the parking lot protest (which Steele states in his affidavit). Carlton reasons that one of these statements must be a lie. Therefore, Carlton argues, because Steele was lying about whether he knew Carlton, the court must "assume [Steele] would have the propensity to tell another lie," namely that Carlton was harassing customers.

Carlton's argument breaks down upon an examination of the record. There is no inherent conflict in Steele's statements. An unknown individual in the parking lot of the Family Dollar could give indications of being mad at Steele simply based on customer complaints regarding Carlton's behavior and Carlton's proximity to the protestors. Carlton concedes the protesters were angry at Steele. Malice or a lack of good faith does not arise from these two statements, which are not inherently contradictory. Even were we to accept Carlton's argument that he has exposed an inconsistency in Steele's statements, which we do not, it is the type of minor testimonial inconsistency that cannot defeat summary judgment in light of the fact that Carlton has produced no evidence

contradicting Steele's version of the events.  See O'Neal v. Cazes, 257 F. App'x 710, 714-15 (5th Cir. 2007) (unpublished) (citing Thomas, 233 F.3d at 331).

The record indicates that Steele relayed customer reports of harassing behavior to law enforcement officials so that those officials could protect members of the public from further harassment.  The law presumes good faith in this instance, Salazar, 682 S.W.2d at 630, and Carlton has not pointed to record evidence that would overcome that presumption.  For these reasons, Carlton's defamation claim was properly denied.  Because Carlton cannot prevail on his underlying tort claim against Steele and Family Dollar, his claim for civil conspiracy necessarily fails.  Meadows v. Hartford Life Ins., 492 F.3d 634, 640 (5th Cir. 2007); Tilton v. Marshall, 925 S.W.2d 672, 680-81 (Tex. 1996).

The judgment is AFFIRMED.