**Opinion issued October 10, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00019-CV
_____

## IVONNE LEIJA, Appellant

## V.

## SKY PROPERTIES, LLC AND HARRY LIU D/B/A PINWHEELS CHILDREN'S CENTER, Appellees

---

On Appeal from the 11th District Court
Harris County, Texas
Trial Court Case No. 1227582

---

## MEMORANDUM OPINION

Appellant Ivonne Leija challenges the trial court's judgment granting of appellee Harry Liu's motion for summary judgment against her defamation claim. In four issues, appellant argues (1) Liu has failed to establish as a matter of law his affirmative defense of truth; (2) Liu has failed to establish as a matter of law his

affirmative defense of opinion; (3) Liu's summary judgment evidence fails to disprove the facts as a matter of law of all three elements of her defamation claim; and (4) her summary judgment evidence constitutes some evidence as to each element of her defamation claim.

We affirm.

## Background

Liu owns a daycare in Houston, Sky Properties, LLC, doing business as Pinwheels Children's Center. Around September 2008, Liu hired Leija as a child caretaker. Earlier, in March 2008, Leija had brought suit against H.E.B Grocery Store, her previous employer, seeking compensation for injuries sustained on the job after a chair collapsed under her in the employee breakroom. The dispute was sent to arbitration pursuant to Leija's employment contract. Leija ultimately collected approximately $10,000 in damages as a result of her injuries.

On or about April 2, 2009, while working at Pinwheels, Leija slipped and fell in a puddle that had formed in the hallway of the daycare during a rainstorm the night before. Upon discovering the incident, Liu took Leija to the emergency room and gave her two weeks off to recover. He also paid her emergency room bill.

In May 2009, Leija filed a premises liability suit against Liu, Sky Properties, and the owners of the premises. Approximately five months after she filed her

2

premises liability claim against Liu, Leija left Pinwheels to seek work elsewhere. Liu began to receive reference calls about Leija from daycare directors. Liu told the directors that if they hired Leija they "must be prepare to be sued" because she "already sued me and HEB."

One of the directors that called was Starrie Burks. Burks was planning to hire Leija "if her employment references indicated she was a satisfactory employee." After she spoke to Liu, Burks decided not to hire Leija. Based on Liu's comments, Burks concluded that Leija brought frivolous lawsuits against her employers. One week later, Liu called Burks to find out if she had hired Leija. Burks told him that she did not hire Leija.

In December 2011, Leija again approached Burks about a job, asking Burks to reconsider her decision. Deciding Leija deserved a second chance, Burks decided to hire Leija.

In February 2012, Liu and Sky Properties obtained a summary judgment against Leija. In March 2012, Liu sent Leija's attorney a letter, claiming the attorney was not a good lawyer. In the letter, Liu also wrote, "In the past, two daycare owners called me for reference[s] for your client. I told those owners that they must be prepared to be sued as [Leija] already sued me and HEB."

Leija filed suit against Liu and Sky Properties in May 2012, alleging defamation and intentional infliction of emotional distress. In his deposition, Liu

3

stated that he had "no opinion" on Leija's lawsuit against H.E.B. He acknowledged that he did not know the underlying facts of the case, only that she had brought a suit against her former employer. He stated, however, that he felt that she was "not [an] honest person." He explained that he based this opinion on the fact that Leija once drove nine hours to Mexico at some undefined time after sustaining the back injury over which she sued H.E.B.

Liu eventually filed a traditional and no-evidence motion for summary judgment on all of Leija's claims. The trial court granted Liu's motions without specifying the grounds upon which they were granted.

## Motion for Summary Judgment

On appeal, Leija argues that the trial court erred in granting summary judgment in favor of Liu on her defamation claim because there is at least some evidence of each element of the claim. She also argues that Liu failed to establish his affirmative defenses of truth and opinion.

### A.    Standard of Review

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

To prevail on a "traditional" summary-judgment motion, asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). A defendant moving for traditional summary judgment must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut the plaintiff's cause. *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The burden then shifts to the non-movant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The trial court must grant the motion unless the non-movant presents more than a scintilla of

evidence raising a fact issue on the challenged elements. *Flameout Design*, 994 S.W.2d at 834; *see also Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (holding "[m]ore than a scintilla of evidence exists when the evidence supporting the finding, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions'").

To determine if there is a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller*, 168 S.W.3d at 827). We indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). When the trial court's summary judgment order does not state the basis for the trial court's decision, we must uphold the order if any of the theories advanced in the motion are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

**B.    Analysis**

Generally, to establish a claim for defamation by a plaintiff who is a private individual against a non-media defendant, the plaintiff "must prove that the defendant (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with negligence regarding the truth of the statement."

6

*Davis v. Prosperity Bank*, 383 S.W.3d 795, 803–04 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *WFAA–TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex. 1998)).  When a qualified privilege exists, however, the third element is essentially changed to proving that the defendant acted with actual malice with regard to the truth of the statement. *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995) (holding proof that statement was motivated by actual malice defeats qualified privilege).

There is a qualified privilege for statements made by a former employer to a prospective employer. *Free v. Am. Home Assurance Co.,* 902 S.W.2d 51, 55-56 (Tex. App.—Houston [1st Dist.] 1995, no writ).  A qualified privilege is an affirmative defense to a defamation claim. *See Marathon Oil Co. v. Salazar,* 682 S.W.2d 624, 631 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).  Liu argued that the qualified privilege applies to his statement to Burke because he was an employer responding to an inquiry about Leija from a prospective employer.[1] Leija does not dispute the application of the qualified privilege.[2]  We agree that the

---

[1]  Leija does not argue, in her response to the motion for summary judgment or on appeal, that Liu's statement in his letter to Leija's attorney constitutes an independent basis for defamation.  Instead, Leija only relies on the letter as proof that Liu admitted making the statements to the potential employers.  Accordingly, we are only considering whether Leija can maintain a suit against Liu for defamation based on the statements he made to the potential employers.

[2]  Leija argues generally that her burden was to establish that Liu acted with negligence regarding the truth of the statement, but does not present any argument for why the qualified privilege would not apply.

privilege applies. Accordingly, in her response to the no-evidence motion for summary judgment, Leija bore the burden of producing at least some evidence sufficient to raise a fact issue as to whether Liu made the statement with actual malice with regard to the truth of the statement. *See McLemore*, 978 S.W.2d at 571.

"Actual malice" is a term of art that "is unfortunately confusing in that it has nothing to do with bad motive or ill will." *Bentley v. Bunton*, 94 S.W.3d 561, 590 (Tex. 2002). Instead, actual malice requires proof that the defendant made the statement knowing the statement was false or with reckless disregard of the truth or falsity of the statement. *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 162 (Tex. 2004). In this context, actual malice consists of a "[c]alculated falsehood." *Bunton*, 94 S.W.3d at 591; *see also Isaacks*, 146 S.W.3d at 162.

The focus for this determination is on the subjective state of mind of the speaker at the time the statement is made. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 173 (Tex. 2003). The plaintiff must show "that the defendant in fact entertained serious doubts as to the truth of his publication, or had a high degree of awareness of the probable falsity." *Isaacks*, 146 S.W.3d at 162. (internal quotations omitted).

As this is a higher standard than negligence, establishing negligence is insufficient. *Bunton*, 94 S.W.3d at 591. Thus, failure to investigate facts before

8

speaking—even if a reasonably prudent person would do so—is *not* proof of actual malice. *Id.* Instead, "there must be some evidence of a deliberate attempt to avoid a suspected truth." *Frakes v. Crete Carrier Corp.*, 579 F.3d 426, 431 (5th Cir. 2009). Or there must be evidence that the speaker had actual doubts about the veracity of his statement. *Bentley*, 94 S.W.3d at 591; *see also Cox Tex. Newspapers, L.P. v. Penick*, 219 S.W.3d 425, 445 (Tex. App.—Austin 2007, pet. denied) (holding no proof of actual malice when there was no proof that defendant doubted veracity of her claims or purposefully avoided truth).

Proof that the speaker is motived by hatred or ill will does not establish actual malice. *Isaacks*, 146 S.W.3d at 162 (citing *Hustler Magazine v. Falwell*, 485 U.S. 46, 53, 108 S. Ct. 876, 880 (1988)). Nor does proof of falsity establish proof of malice. *Granada Biosciences*, 124 S.W.3d at 176.

In her brief, Leija relies on four facts to show that she presented some evidence of actual malice to the trial court. First, she points out that Liu admitted that he had no knowledge of the facts relating to her suit against H.E.B. Failure to investigate, however, is not proof of actual malice. *Bunton*, 94 S.W.3d at 591. Furthermore, Liu stated that he started to believe Leija was untrustworthy after she took a nine-hour-drive to Mexico at some unidentified time after Leija filed suit against H.E.B. Leija's claimed injury against H.E.B. was a back injury, and Liu did not believe that Leija could take such a long trip with such an injury. While

9

certainly not dispositive that Leija's suit against H.E.B. was frivolous, it is some proof that Liu had at least some basis to believe that it was. In contrast, there is no evidence that Liu had reason to believe his allegation was false or actively avoided facts that would have disproved his beliefs.

Second, Leija argues that Liu took her to the hospital and paid for her medical expenses after her injury at his workplace. Liu testified in his deposition that the emergency room doctor explained that Leija had a minor tailbone bruise and would only need two days to recover. Leija took two weeks and then sued Liu, alleging further injuries. This is again proof that Liu had some basis to believe that Leija's suit against him was frivolous, and there is no evidence that Liu did not believe his allegation was correct or actively avoided facts that would have disproved his beliefs.

Finally, Leija points out that Liu did not fire Leija after he formed an opinion that she was untrustworthy or after she sued him. We fail to see any significance to this evidence. Even if it were some proof that he did not believe Leija's suits were frivolous at either of the times identified, this is not proof that Liu did not believe the veracity of his statements at the time that he made them. *See Granada Biosciences*, 124 S.W.3d at 173 (holding focus is on subjective state of mind of speaker at time statement is made).

We hold that the plaintiff failed to present more than a scintilla of evidence that Liu made his statement with actual malice with regard to the truth of the statement. Therefore, Leija failed to present evidence sufficient to raise a material fact issue on at least one element of her defamation claim as she was required to do in order to avoid summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995) (holding, when movant meets its summary judgment burden, burden shifts to non-movant to present sufficient evidence to raise fact issue); *Isaacks*, 146 S.W.3d at 162 (holding proof of actual malice requires proof that defendant made statement knowing statement was false or with reckless disregard of truth or falsity of statement). Accordingly, the trial court did not err by granting summary judgment on Leija's defamation claim. We overrule Leija's first issue. Because this ruling fully supports the portion of the judgment about which Leija complains, we do not need to reach Leija's remaining issues. *See* TEX. R. APP. P. 47.1 (requiring appellate courts to address every issue raised and necessary to final disposition of the appeal)

**Conclusion**

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

11

Panel consists of Justices Keyes, Higley, and Massengale.