JOHNSON, Judge.
This is an appeal from a final order of the Circuit Court dismissing the amended complaint upon motion of the defendant below, appellee here.
It appears that the plaintiff was a passenger on a motorcycle involved in an automobile collision, from which the plaintiff sustained alleged injuries in excess of $10,000; that his loss was probably greater than $20,000.00.
The driver of the automobile to whom was attributed the fault causing the accident, was uninsured. The policy of insurance held by the owner and operator of the motorcycle and issued by Peoples Indemnity Company, did not carry the uninsured motorist provision required by Florida Statutes,[1] but the plaintiff filed a complaint against said Peoples Indemnity Company alleging the damages sustained to be “in excess of Six Hundred Dollars.” This suit was settled for $7,500.00 without a judicial determination of the total damages sustained. The plaintiff was also covered under a “Family Protection Uninsured Motorist Coverage” provision of a policy issued to Larry Dean Brooker, a brother to the plaintiff and resident of the same household. This was set forth in the amended complaint to which the defendant filed its motion to dismiss, the order granting which, is the basis of this appeal.
One of the grounds of said motion was: “It affirmatively appears from the allegations of said amended complaint that the plaintiff has exhausted his remedies against this defendant as a result of an alleged accident and alleged injuries.”
The amended complaint shows on its face the fact that plaintiff had instituted suit against Peoples Indemnity Company and had settled the same for $7,500.00, but further alleges the damages sustained from the accident in question to be in excess of $10,000 and that he verily believed the spe to be in excess of $20,000.00.
The lower court granted the motion to dismiss the amended complaint on ground set out supra, and decreed that the plaintiff by his suit against Peoples Indemnity Company had established his damages at $7,500.00 and that said sum having been paid, the plaintiff had exhausted his claim under that policy (Peoples) as well as the policy issued by the defendant.
We think the facts in this case bring the same within the authority of Sellers v. United States Fidelity and Guaranty Company,[2] and is determinative of the correct law governing the case sub judice. We do not feel that it would serve any good purpose for us to go into an extensive and necessarily repetitive dissertation on the law as laid down in Sellers, supra, but suffice it to say that this court is of the opinion, and so hold, that the lower court was in error in dismissing the amended complaint and therefore under the authority of the Sellers case, the order appealed from is hereby reversed and said amended complaint reinstated for further proceedings not inconsistent herewith.
Reversed and remanded.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. § 627.051, F.S.A.

. Sellers v. United States Fidelity & Guaranty Company, 185 So.2d 689 (Fla.1966).