359 So.2d 480 (1978)
UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,
v.
Dock GORDON, Appellee.
No. EE-8.
District Court of Appeal of Florida, First District.
May 8, 1978.
Rehearing Denied June 16, 1978.
*481 Mary Jane S. Trimble of Dell, Graham, Willcox, Barber, Ryals & Henderson, Gainesville, for appellant.
Craig F. Hall of Barton & Cox, Gainesville, for appellee.
MILLS, Judge.
Gordon was injured in an automobile accident in December 1973 when the vehicle he was driving was rear-ended by a vehicle driven by James Stephens. Stephens' liability police limits were $10,000 per individual per occurrence. In September 1974, Gordon accepted $9,600 from Allstate, Stephens' liability insurance carrier, in settlement and release of his claim against Stephens and Allstate.
At the time of the accident, Gordon was insured by United States Fidelity and Guaranty Company (USF&G) and his policy provided uninsured motorist coverage of $10,000 each on two vehicles or, when stacked, $20,000. On 1 March 1976, Gordon made a claim to USF&G for underinsured motorist benefits, and on 13 April 1976, filed a claim in arbitration against USF&G. USF&G then filed its complaint for declaratory judgment to determine its obligation, if any, to Gordon under its uninsured motorist coverage. In its complaint for declaratory judgment, USF&G asserted that by reason of Gordon's settlement with Stephens and Allstate and the release of those parties, Gordon had waived any right to underinsured motorist benefits under his policy and the Uninsured Motorist Statute, Section 627.727, Florida Statutes (1975). Gordon asserted by way of affirmative defense that USF&G was not prejudiced by the settlement and was precluded from raising the issue of waiver by the terms of the policy. Gordon also counterclaimed for underinsured motorist benefits and attorney's fees. Final declaratory judgment and partial summary judgment was entered in favor of Gordon and USF&G appeals.
The trial court found that Gordon's settlement with Stephens and Allstate for an amount less than the full amount of liability insurance carried by Stephens did not represent the amount which Gordon had determined to be the full extent of his damages and did not constitute a waiver of any right to uninsured motorist benefits to which Gordon might be entitled under the terms and conditions of his insurance contract with USF&G. We agree.
Section 627.727 pertains to uninsured vehicle coverage. Section 627.727(1) states that uninsured motor vehicle coverage is for "... the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease... ." The Section further provides that such coverage "... shall be excess over, but shall not duplicate the benefits available to an insured ... under any automobile liability or automobile medical expense coverages; or from the owner or operator of the uninsured motor vehicle... ." Section 627.727(2)(b) defines "uninsured motor vehicle" as including an insured motor vehicle when the insurer thereof:
"Has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under [his] uninsured motorist's coverage."
There is nothing in Section 627.727 that indicates that the insured must exhaust all benefits available from other sources before being eligible to recover under his uninsured vehicle coverage. The Section merely states that uninsured vehicle coverage shall be excess over and not duplicate other available benefits.
In this case, there was available to Gordon $10,000 from Stephens' liability insurance. If Gordon's damages are $10,000 or less then Gordon cannot collect from USF&G, since such recovery would duplicate available benefits, however, if Gordon sustained damages of over $10,000 he can recover the amount over $10,000 which is within the limits of his coverage.
*482 USF&G contends that Gordon is precluded from claiming damages of over $10,000 since he settled with Allstate for $9,600. The fact that Gordon settled for an amount less than the full amount of liability insurance carried by Stephens is not determinative of the amount of damages actually sustained by Gordon. See Brooker v. Nationwide Mutual Insurance Co., 207 So.2d 486 (Fla. 1st DCA 1968). Settlements are often made for reasons which have little to do with the amount of damages sustained by the injured party. In this case, Gordon decided to settle for $400 less than the policy limits because he was advised that the cost of continuing litigation would probably exceed the additional $400 he might receive. Further, there were no assets available to which a judgment in excess of the Allstate policy limits could attach.
The judgment appealed is affirmed.
McCORD, C.J., and BOYER, J., concur.

ON PETITION FOR REHEARING DENIED
MILLS, Judge.
United States Fidelity & Guaranty Company (USF&G) contends it should be granted a rehearing because the Court overlooked the argument it made in its briefs and in oral argument to the Court that the release Gordon gave the third party and his liability carrier extinguished Gordon's uninsured motorist claim against it. We did not overlook this argument.
Gordon moved for partial summary judgment on paragraph 11 of USF&G's amended complaint which alleged:
"Plaintiff [USF&G] contends that Defendant [Gordon] is not entitled to Uninsured Motorist benefits on the grounds that settlement with the third party for an amount less than the full amount of liability insurance carried by said party represents an amount which Defendant has determined to be the full extent of the damages and a waiver of any right to any Uninsured Motorist benefits to which Defendant would have been entitled."
This was the only issue before the trial court and was the only issue on which the trial court granted partial summary judgment for Gordon. It was the only issue raised, and the only issue that could be raised on this appeal. It is the only issue we addressed in our opinion.
For clarification, and to precisely paraphrase the allegations of USF&G's complaint, we delete the fourth sentence from the top of page 2 of the opinion and substitute the following sentence:
In its complaint for declaratory judgment, USF&G asserted that Gordon's settlement with Stephens and Allstate for an amount less than the full amount of liability insurance carried by Stephens represented the amount which Gordon determined to be the full extent of his damages and constituted a waiver of any right he had to uninsured motorist benefits under his policy and the Uninsured Motorist Statute, Section 627.727, Florida Statutes (1975).
Sena v. State Farm Mutual Automobile Insurance Company, 305 So.2d 243 (Fla.3d DCA 1974), which USF&G cited to the Court by way of notice of supplemental authority eleven days after the release of our opinion, is not applicable to this case because USF&G did not plead the release given by Gordon to Allstate and Stephens as a bar to his uninsured motorist claim against it.
Petition for rehearing denied.
McCORD, C.J., and BOYER, J., concur.