**Sandra Cano FORBIS, Appellant,**

v.

**TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, INC.,**
**Appellee.**

**No. 2–90–257–CV.**

Court of Appeals of Texas,
Fort Worth.

June 30, 1992.

Rehearing Overruled July 28, 1992.

Norman Darwin, Fort Worth, for appellant.

Wayne C. Watson, Decker, Jones, McMackin, McClane, Hall & Bates, Fort Worth, for appellee.

Before WEAVER, C.J., and FARRIS and MEYERS, JJ.

## OPINION

WEAVER, Chief Justice.

Appellant, Sandra Cano Forbis, appeals from a take nothing judgment in her suit for uninsured/underinsured motorist coverage benefits ("UM benefits") against appellee, Trinity Universal Insurance Company of Kansas, Inc. ("Trinity"). The case was tried to the court on stipulated facts and the only contested legal question involved the doctrine of collateral estoppel. We affirm.

The appellant's husband, Albert Cano ("Decedent"), was killed in an automobile accident on April 25, 1984. The accident resulted from the negligence of Toyo Kirk. The Decedent was survived by two minor sons of a prior marriage. The Decedent was performing his duties with Texas Electric Service Company at the time of his death, and appellant and the Decedent's two minor sons received worker's compensation benefits from the employer's carrier, Texas Employers Insurance Association.

At the time of his death, the Decedent was covered by a Texas automobile liability insurance policy issued by Trinity which provided $25,000.00 of UM coverage. This appeal evolves from the efforts of appellant to recover UM benefits under that policy. The present suit was filed against Trinity on September 22, 1986.

The trial court concluded that appellant was estopped, by an agreed judgment entered in an earlier "friendly suit," from contending in this case that her actual damages were of a sum greater than the damages awarded to her against Toyo Kirk in the friendly suit.

### The Friendly Lawsuit

On February 7, 1985, appellant, the two minor sons of the Decedent, through their grandfather as next friend, and Texas Employers Insurance Association filed a lawsuit against Toyo Kirk alleging negligence and requesting damages resulting from the 1984 automobile accident. This suit was filed in the 67th District Court of Tarrant County. The plaintiffs to that lawsuit sought various damages against Toyo Kirk. Texas Employers Insurance Association sought subrogation with respect to the compensation payments it had made. Appellant plead that she had been deprived of the love, affection, comfort, and support of her husband, "for which she should be compensated in an amount of money in excess of One Thousand Dollars ($1,000.00)."

At the time of the accident Toyo Kirk was insured by a Texas automobile liability policy issued by Hartford Insurance Company ("Hartford") with policy limits of $25,000.00. It is in connection with the limits of the Hartford policy that appellant seeks UM benefits from Trinity in the present case. While it is not made clear from the record, it appears to be undisputed that Hartford paid the $25,000.00 limits of that policy into the registry of the court in the friendly lawsuit.

On the same date the friendly lawsuit was filed, the plaintiffs filed their First

Amended Original Petition and Toyo Kirk filed her original answer in that case. The court also appointed a guardian ad litem to represent the minor children. Also on that date, the court signed an "Agreed Judgment" in that case. The agreed judgment contained the following language regarding the award to appellant:

The Court finds that she should be awarded, and does hereby award the sum of Three Thousand Seven Hundred Sixty–Six and 50/100 Dollars ($3,240.29) for the loss of support, love and companionship.

While the amount of such award to appellant, as reflected by the written portion of the foregoing, is $3,766.50, both parties have treated such award to appellant as being in the amount of $3,240.29, for the purposes of this appeal. Other awards were made under the agreed judgment, none of which concern this appeal. Appellant tells us, and Trinity does not dispute, that the total awards under the agreed judgment amount to $25,000.00, being the exact amount which Hartford paid into the registry of the court in that case.

The principal issue before us is whether the award made to appellant under the agreed judgment estopped her from seeking damages against Trinity under the UM provisions of the policy.

### The Instant Case

In the instant case, appellant alleged that she was entitled to UM benefits because she received only $3,240.29 from the agreed judgment against Toyo Kirk, and that Toyo Kirk was an underinsured motorist as that term is defined by the Trinity policy. She also alleged that she had sustained legal damages by the death of her husband in that she lost financial support and monetary contributions that would have been made by the Decedent if he had not died, in the amount of $28,240.29, which is the total of the amount of the award under the agreed judgment and the $25,000.00 policy limits under the Trinity policy. The parties stipulated, based upon the Decedent's earnings and economic contributions to appellant, that the Decedent would have contributed more than $25,-000.00 to appellant's economic support if he had not died on April 25, 1984. No other evidence was offered in the instant case respecting any actual damages sustained by appellant as a result of the death of her husband.

The trial court filed findings of fact summarized as follows: (1) the causes of action asserted by appellant in the suit against Toyo Kirk and asserted against Trinity in this case arose from and were based on the same fatal accident; (2) appellant, as plaintiff in each of these lawsuits, was one and the same person; and (3) the agreed judgment signed on February 7, 1985, awarded appellant $3,240.29 as actual damages for her loss of support, love, and companionship cause by the death of her husband.

The trial court also filed conclusions of law, summarized as follows: (1) the $3,240.29 awarded to appellant by the agreed judgment was conclusive as to the amount of her actual damages arising because of the accident, even though rendered in a "friendly suit"; (2) that appellant was estopped by the agreed judgment from contending in the present suit that her actual damages were of a sum greater than $3,240.29; and (3) Trinity had no obligation for payment of any sum to appellant under the UM provisions of the policy in question.

Appellant brings four points of error and complains that the trial court erred: 1) by entering judgment based on its finding that the agreed judgment against Toyo Kirk was conclusive as to appellant's actual damages; 2) by entering judgment based on its finding that appellant was estopped from contending that her actual damages were a sum greater than $3,240.29; 3) by entering judgment that Trinity owed appellant no UM benefits under the policy in question; and 4) by failing to render judgment for appellant in the amount of $25,-000.00, prejudgment interest, postjudgment interest, and attorney's fees.

We address appellant's first three points of error together because the controlling issue in each point is whether the doctrine of collateral estoppel applies to the actual

damages awarded to appellant in the agreed judgment, thus preventing her from relitigating the issue of the amount of her damages in the present case.

■ A trial court's findings of fact are reviewable for legal and factual sufficiency of evidence to support them and conclusions of law are reviewable when attacked as a matter of law, but not on grounds of sufficiency of evidence to support them, as if they were findings of fact. *Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). When specific findings of fact and conclusions of law are filed and a statement of facts is before the appellate court, the findings will be sustained if there is any evidence to support them and the appellate court will review the legal conclusions drawn from the facts found to determine their correctness. *Id.*

■ Collateral estoppel precludes the relitigation of identical issues of fact or law that were actually litigated and essential to the judgment in a prior suit. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex.1985). A party seeking to invoke the doctrine of collateral estoppel must establish: 1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; 2) those facts were essential to the judgment in the first action; and 3) the parties were cast as adversaries in the first action. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). For collateral estoppel to be invoked, it is only necessary that the party against whom the plea of collateral estoppel is being asserted be a party or in privity with a party in the prior litigation. *Mower v. Boyer*, 811 S.W.2d 560, 563 (Tex.1991).

■ There seems to be no dispute between the parties as to whether appellant, upon a showing of adequate damages, would have been entitled to UM benefits from Trinity, if she had not been estopped from asserting such claims because of the agreed judgment. Appellant argues that the agreed judgment was entered in a "friendly suit" necessitated by the fact that the Decedent had two minor children by a previous marriage and that any settlement by a liability insurance company, regarding the claims of the minors, required a suit on their behalf pursuant to TEX.R.CIV.P. 44. Appellant is apparently contending that friendly suits are excepted from the doctrine of collateral estoppel. However, she cites no authority to support that argument. The separate relief which was sought by and awarded to appellant in the former case involved her individual claim against Toyo Kirk. This dispute was obviously settled as reflected by the agreed judgment. We do not accept appellant's argument that this was a friendly suit between her and Toyo Kirk merely because of the claims asserted by the minor children against Kirk.

■ Appellant refers us to *Stracener v. United Serv. Auto. Ass'n.*, 777 S.W.2d 378 (Tex.1989), and particularly to *Hestilow* (one of the two cases under consideration in that case), for the proposition that UM benefits are recoverable even after the claimant has made a settlement with the liability insurance carrier of the tortfeasor. *See id.* at 380. Appellant concedes that the settlement in *Hestilow* was without judicial proceedings, and argues in effect that the same results are reached whether the settlement is made by a contract and release or is handled through a friendly lawsuit, and that appellant should not be estopped merely because her settlement with Kirk involved a judicial proceeding. We do not agree with appellant's argument insofar as it would have us ignore the binding force of the agreed judgment. An agreed judgment is more than a mere contract. It has the same degree of finality and binding force as one rendered by a court at the conclusion of adversary proceedings. *Barrientes v. Harlandale Ind. School Dist.*, 764 S.W.2d 28, 29 (Tex.App.—San Antonio 1989, writ denied).

Appellant also contends that the only issue decided in the agreed judgment was the division of a tendered settlement by Toyo Kirk's insurance company, and that actual damages sustained by appellant from the death of her husband were never presented to the trial court or fairly litigat-

ed. We do not agree with this contention. In appellant's friendly suit against Toyo Kirk, she asked to be compensated in an amount in excess of $1,000.00 because she had been deprived of love, affection, and support of her deceased husband. The amount of appellant's actual damages were presented to and approved by the trial court as shown by the agreed judgment. Appellant's agreement to that judgment and her acceptance of the benefits thereunder are not disputed.

The *Bonniwell* elements of collateral estoppel are met in this case. *Bonniwell*, 663 S.W.2d at 818. We hold that appellant was collaterally estopped from contending in the trial court that her actual damages were of a sum greater than $3,240.29, as a result of which appellee does not owe appellant any UM benefits as a matter of law. Appellant's first three points of error are overruled. Because of our holding on those points, we do not reach appellant's fourth point of error.

The judgment of the trial court is affirmed.