**GUARANTY COUNTY MUTUAL INSURANCE COMPANY, Petitioner,**

v.

**Arthur L. KLINE, Respondent.**

No. D–2683.

Supreme Court of Texas.

Dec. 31, 1992.

Rehearing Overruled Feb. 24, 1993.

Kenneth R. Chambers, Beaumont, for petitioner.

Blair A. Bisbey, Laraine Elsbeth Hutzell, Jasper, for respondent.

ON APPLICATION FOR WRIT OF ER-ROR TO THE COURT OF APPEALS FOR THE NINTH DISTRICT OF TEXAS

PER CURIAM.

This suit arose out of an automobile collision between Arthur Kline and Arthur Fletcher. At the time of the accident,

---

Kline carried uninsured/underinsured motorist coverage with Guaranty County Mutual Insurance Company in limits of $20,000 per person and $40,000 per accident. Kline sued Fletcher for damages and eventually settled that suit for Fletcher's automobile liability policy limits of $20,000. As part of the settlement, Kline released Fletcher from any further liability. It is undisputed that Kline's insurer, Guaranty County Mutual Insurance Company, did not consent to the settlement.

In August 1990, Kline sued Guaranty for underinsured motorist benefits under his policy. In response, Guaranty asserted the policy's "settlement without consent" clause, claiming that Kline's settlement with Fletcher discharged Guaranty of all liability under the terms of the policy.

At trial the jury found that Kline had sustained $40,000 in damages, and further found that he was 25% contributorily negligent. After deducting 25% from the damages awarded, starting from an adjusted figure of $30,000, the trial court subtracted the $20,000 Kline had recovered from Fletcher, and rendered judgment for Kline in the amount of $10,000, plus attorney's fees of $5,000. The court of appeals affirmed the trial court's judgment and held that the "settlement without consent" exclusion in the insurance contract was invalid. Because we hold that the "settlement without consent" clause is valid, we reverse the court of appeals judgment and render judgment in favor of Guaranty County Mutual Insurance Company.

The insurance contract between Kline and Guaranty contained a standard "settlement without consent" clause that stated:

> We do not provide Uninsured/Underinsured Motorist coverage for any person: ... if that person or legal representative settles the claim without our consent.

Texas courts have uniformly upheld the validity of such an exclusion in the standard Texas Personal Auto Policy. *See e.g. Ford v. State Farm Mut. Auto. Ins. Co.*, 550 S.W.2d 663, 665 (Tex.1977); *Dairyland County Mut. Ins. Co. v. Roman*, 498 S.W.2d 154, 159 (Tex.1973); *Huttleston v. Beacon Nat'l Ins. Co.*, 822 S.W.2d 741 (Tex.App.—Fort Worth 1992, writ denied); *McClelland v. United Servs. Auto. Ass'n*, 525 S.W.2d 271 (Tex.Civ.App.—Beaumont 1975, writ ref'd). To deny the validity of this exclusion would be to repudiate the insurer's contractual subrogation rights against the negligent motorist responsible for the insured's damages. *Dairyland County Mut. Ins. Co.*, 498 S.W.2d at 159. Texas Insurance Code article 5.06–1(6) sanctions this right of subrogation on behalf of the insurer who provides uninsured/underinsured motorist coverage.[1]

Kline argues that the "settlement without consent" exclusion violated his right to pursue benefits under his underinsured motorist policy, citing *Stracener v. United Services Automobile Association.*, 777 S.W.2d 378, 383 (Tex.1989). It is true that in *Stracener* we held invalid policy provisions inconsistent with the purposes of article 5.06–1. *Stracener*, however, does not affect the validity of the settlement clause in this case because the settlement clause is clearly consistent with, and indeed advances the purpose of article 5.06–1(6).

Consequently, we hold that Kline's settlement with Fletcher without Guaranty's consent violated the "settlement without consent" exclusion in his insurance contract and bars his recovery. Therefore, without hearing oral argument and pursuant to Texas Rule of Appellate Procedure 170, a majority of the court reverses the judgment of the court of appeals and renders judgment that Kline take nothing.

---

1. Art. 5.06–1(6) provides in relevant part:
   In the event of payment to any person under any coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting for the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury, sickness or disease, or death for which the payment was made....