**GULF GROUP LLOYDS, Appellant,**

v.

**Ruben HERNANDEZ & Anita Hernandez, Appellees.**

No. 04–92–00518–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 26, 1993.

Rehearing Denied April 7, 1993.

Writ Granted by Supreme
Court Sept. 10, 1993.

Mary Mishtal, Davidson & Troilo, P.C., San Antonio, for appellant.

Phil Hardberger, Hardberger & Rodriguez, Inc., Larry Zinn, San Antonio, for appellees.

Before REEVES, C.J., and CHAPA and RICKHOFF, JJ.

## OPINION

RICKHOFF, Justice.

This is an appeal from a judgment rendered in favor of appellees, Ruben and Anita Hernandez, against appellant, Gulf Group Lloyds ("Gulf Group"), for recovery of underinsured motorist benefits. Because appellees' settlement with an underinsured motorist without Gulf Group's consent violated the "settlement without consent" exclusion in their insurance contract, we reverse the judgment of the trial court and render judgment that appellees take nothing.

The case was tried to the court on stipulated facts, which show that the daughter of appellees, Elizabeth Hernandez, was killed on November 21, 1987, when the car in which she was a passenger flipped over; the driver of the car was Charles McCullough, Jr. The parties stipulated that McCullough's negligence was the sole proximate cause of Elizabeth's injuries and that appellees suffered damages in excess of $125,000.

At the time of the accident, McCullough was an insured of State Farm Mutual Automobile Insurance Company ("State Farm"). The liability policy limit of the State Farm policy was $25,000. Elizabeth was covered by her parent's insurance policy with Gulf Group. That policy included uninsured/underinsured motorist coverage in the amount of $100,000.

Appellees settled with McCullough on January 6, 1988, for the policy limit of the State Farm policy—$25,000. The facts stipulated appellees did not get the consent of Gulf Group before settling the case with McCullough and releasing him from liability.

On March 30, 1990, appellees presented a claim through their lawyer to Gulf Group for payment of the underinsured motorist benefits. However, Gulf Group denied coverage based upon the failure of the appellees to get consent before settling with McCullough.

At trial, the court found for appellees on the theory of breach of contract and awarded them the amount of the underinsured policy, or $100,000, plus pre-judgment interest, post-judgment interest, and attorney's fees.

The insurance contract between appellees and Gulf Group contained a "settlement without consent" clause that stated:

This insurance does not apply:

a) to **bodily injury** or **property damage** with respect to the insured, his legal representative or any person entitled to payment under this insurance shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor ...

The case at bar is indistinguishable from the recent Texas Supreme Court case of *Guaranty County Mutual Ins. Co. v. Kline,* 845 S.W.2d 810 (1992). In *Guaranty County Mutual,* the Court held that an insured's settlement without an insurer's consent violates the "settlement without consent" exclusion in the insured's insurance contract and bars his recovery. The Court wrote:

Kline [the insured] argues that the "settlement without consent" exclusion violated his right to pursue benefits under his underinsured motorist policy, citing *Stracener v. United Services Automobile Association,* 777 S.W.2d 378, 383 (Tex.1989). It is true that in *Stracener* we held invalid policy provisions inconsistent with the purposes of article 5.06–1. [*See* Texas Insured or Underinsured Motorist Statute, TEX.INS.CODE ANN. art. 5.06–1 (Vernon 1981).] *Stracener,* however, does not affect the validity of the settlement clause in this case because the settlement clause is clearly consistent with, and indeed advances the purpose of article 5.06–1(6).

*Id.,* 845 S.W.2d at 811.

In light of the foregoing authority, we sustain Gulf Group's points of error complaining that the trial court erred as a matter of law by not giving effect to the consent to settle exclusion of the policy and in concluding the consent to settle exclusion under the facts of this case is not consistent with and does not further the purpose of the Texas Insured or Underinsured Motorist Statute.

Accordingly, we reverse the judgment of the trial court and render judgment that appellees take nothing.