**Salvador OLIVAS, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Dan McDowell, Appellees.**

**No. 08–92–00097–CV.**

Court of Appeals of Texas, El Paso.

Jan. 27, 1993.

Opinion on Overruling Motion for Rehearing March 24, 1993.

## OPINION

OSBORN, Chief Justice.

### Case Summary

This case, decided in the trial court on special exceptions, involves the question of whether a party seeking to recover on an underinsured motorist insurance policy for injuries sustained in an accident with a third party, is barred as a result of a settlement of his tort claim for less than the full amount of the third party's insurance coverage.

### Facts

Salvador Olivas, while driving an automobile belonging to Dan McDowell, had an accident with a vehicle being driven by Alex Harrison IV. Harrison's liability insurance policy had coverage limits of $25,000 for one person. Olivas settled his tort claim against Harrison for $15,000. This suit was then filed in which it was alleged that Olivas's damages exceeded $25,000 and recovery was sought on McDowell's and Olivas's underinsured motorist policies, both of which were issued by State Farm.

Both State Farm and McDowell filed special exceptions which were sustained and when Olivas failed to amend, the case was dismissed with prejudice.

### Issue

Does the settlement of a third-party tort claim for less than the full amount of the liability coverage carried by the tortfeasor bar a claim for underinsured motorist coverage by the injured party?

### Decision

■ Conclusion—An injured party may settle a third-party tort claim for less than the full amount of the tortfeasor's liability coverage and still claim underinsured motorist coverage, but recovery may be had only for damages sustained in an amount in excess of the total amount of the tortfeasor's liability coverage.

■ In this case, Harrison had liability coverage for $25,000. Olivas settled his claim with Harrison for $15,000. Olivas may recover on any underinsured motorist

John Grost, J. Morgan Broaddus, III, El Paso, for appellant.

J. Monty Stevens, Dudley, Dudley and Windle, El Paso, for appellees.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

coverage only to the extent that his damages exceed $25,000.

■ When reviewing a trial court's dismissal of a cause of action on special exceptions, the reviewing court accepts as true all of the factual allegations of a plaintiff's pleading. *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex.1988); *Armendariz v. Bill Sears Supermarket No. 1*, 562 S.W.2d 529 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.). In this case, there is an allegation that State Farm consented to the settlement. This meets the requirements of the standard policy provision requiring consent. See *Guaranty County Mutual Insurance Company v. Kline*, 845 S.W.2d 810 (1993).

### Statutory Provision

The Texas Insurance Code in Article 5.06–1 provides for Uninsured or Underinsured Motorist Coverage. For purpose of these coverages, paragraph (2)(b) provides:

> The term 'underinsured motor vehicle' means an insured motor vehicle on which there is valid and collectible liability insurance coverage with limits of liability for the owner or operator which were originally lower than, or have been reduced by payment of claims arising from the same accident to, an amount less than the limit of liability stated in the underinsured coverage of the insured's policy.

Paragraph (5) of that same Article says:

> The underinsured motorist coverage shall provide for payment to the insured of all sums which he shall be legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage in an amount up to the limit specified in the policy, reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle.

1. For a critical analysis of this opinion, *see* R. Cooper and M. Huddleston, *Insurance Law*, 44

### Texas Case Law

Both parties in this case rely upon the decision in *Stracener v. United Services Automobile Association*, 777 S.W.2d 378 (Tex.1989).[1] In that case, the Court held that the phrase "payment of claims" in paragraph (2)(b) "includes the payment of the claim of the injured party seeking to recover the proceeds of underinsured motorist coverage. Therefore, a negligent party is underinsured whenever the available proceeds of his liability insurance are insufficient to compensate for the injured party's actual damages." 777 S.W.2d at 379–80.

The Court in that case also held that the expression "reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle" as used in Article 5.06–1, Section (5) modifies the word "damages" in the phrase "all sums which he shall be legally entitled to recover as damages." 777 S.W.2d at 383. The effect of this interpretation is that payment to the injured party by the insurer of the tortfeasor does not reduce the liability of the underinsured motorist policy insurer, except to the extent it reduces the amount of uncompensated damages of the injured party to below the limit on the underinsured motorist policy. This allows coverage under the underinsured motorist policy to be "stacked" on top of the liability insurance held by the underinsured motorist so that an injured party may recover on his underinsured motorist policy even if the limit of liability on that policy is less than the amount of insurance owned by the underinsured motorist, so long as the damages for the injured party exceed the tortfeasor's insurance cap.

The trial court having sustained special exceptions, we must assume as true the allegations of damages in excess of the amount of Harrison's coverage of $25,000. Thus, at the time of settlement, Harrison was an underinsured motorist. To hold as State Farm urges that Olivas's settlement constitutes a judicial admission that Harri-

Sw.L.J. 329, 355 (1990).

son's liability insurance was more than sufficient to compensate for all damages sustained would discourage not encourage settlement of claims. *See General Motors Corporation v. Simmons,* 558 S.W.2d 855 (Tex.1977). We recognize the rule as noted in several opinions by Courts in New York:

Offers made in the course of settlement negotiations are not competent evidence as to the value of a claim. This is based on the public policy aimed at encouraging settlement and in recognition of the fact that concessions may be made to buy one's peace, without reflecting the true value of the claim. [Authorities cited].

*Colonial Penn Insurance Company v. Salti,* 84 A.D.2d 350, 446 N.Y.S.2d 77, 80 (1982).

In *United States Fidelity & Guaranty Company v. Gordon,* 359 So.2d 480 (Fla. App.1978), the Court points out that settlements are often made for reasons which have little to do with the amount of damages sustained by the injured party. Certainly, that is true where liability is questionable, or there are only minimum coverage limits or where trial may be delayed for several years. *See Longworth v. Van Houten,* 223 N.J.Super. 174, 538 A.2d 414, 423 (A.D.1988).

### Case Law of Other States

The majority of courts in other states which have passed on this issue have held that the injured party may recover, as limited by his underinsured motorist policy coverage, the difference between the amount of damages for his injuries and the limits of liability on the tortfeasor's insurance policy. Thus, a settlement with the tortfeasor is deemed to exhaust the full amount of the tortfeasor's insurance, but settlement for less than the full amount is no bar to recovery on an underinsured policy. *Estate of Rucker,* 442 N.W.2d 113 (Iowa 1989); *Hamilton v. Farmers Insurance Company of Washington,* 107 Wash.2d 721, 733 P.2d 213 (1987); *United States Fidelity & Guaranty Company,* 359 So.2d 480 (Fla.App.1978); *Longworth v. Van Houten,* 223 N.J.Super. 174, 538 A.2d 414 (A.D.1988); *Colonial Penn Insurance Company v. Salti,* 84 A.D.2d 350, 446 N.Y.S.2d 77 (1982).

In the *Rucker* case, the Court said:

The objective of the exhaustion clause in the underinsured motorist insurance policy is to absolve the insurer from liability for any amounts which are below the stated limits of the underinsured tortfeasor's policy. This goal can be satisfied by allowing recovery only for those damages in excess of the tortfeasor's policy limits.

*Rucker,* 442 N.W.2d at 116–17.

The Court went on to say that when the injured party settles with a tortfeasor's liability carrier, the party would be assumed to have received the policy limits of the tortfeasor's liability policy.

In a most recent case, the Supreme Court of Oklahoma held there was breach of the duty of dealing in good faith where payment on a underinsured policy was delayed several months while settlement was made with the liability carrier of the tortfeasor in a case where the damages were obviously in excess of the tortfeasor's liability coverage. *Buzzard v. Farmers Insurance Company, Inc.,* 824 P.2d 1105 (Okl.1991). The Court, at page 1112, said:

Where, as here, the claim greatly exceeds the available liability coverage, we find no reason to require that payment be delayed while awaiting payment by the liability carrier.

If there is a duty to make payment for such coverage prior to settlement of the third-party claim, then certainly the basis on which that settlement is made cannot have any effect on the payment required by the underinsured carrier, other than for a determination of the credit due on the total amount of the damages sustained by the injured party.

Other courts have held the "exhaustion clause" void or against public policy and unenforceable. *Kester v. Erie Insurance Exchange,* 399 Pa.Super. 206, 582 A.2d 17 (1990); *Mulholland v. State Farm Mutual Automobile Insurance Company,* 171 Ill. App.3d 600, 122 Ill.Dec. 657, 527 N.E.2d 29 (5 Dist.1988).

State Farm would have us hold that the recent decision in *Forbis v. Trinity Universal Insurance Company of Kansas, Inc.,* 833 S.W.2d 316 (Tex.App.—Fort Worth 1992, writ granted) should control our decision in this case. In that case, there was a judgment in a "friendly suit" which determined the amount of damages which the injured party had sustained and that judgment became the basis for a collateral estoppel which barred any additional recovery. In our case, there is no prior judgment and the doctrine which the Fort Worth Court applied has no application in this case.

We sustain the point of error urging the trial court erred in sustaining the special exceptions. The judgment of the trial court is reversed and the case remanded for trial in accordance with this opinion.

## OPINION ON MOTION FOR REHEARING

The Appellees have filed a motion for rehearing with several contentions as to errors in our original opinion. They again urge that by accepting less than the full amount of the coverage from the carrier for the tortfeasor that this suit is barred. We note that on the same date as our original opinion, the Austin Court of Appeals reached the same results on this issue as this Court in their opinion by Justice Jones in *Leal v. Northwestern National County Mutual Insurance Company,* 846 S.W.2d 576, January 27, 1993. The Motion for Rehearing is overruled.