COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-275-CV
 
THE STATE OF TEXAS           
           
           
           
           
           
APPELLANT
V.
 
LAUDERDALE, L.P., A TEXAS       
           
           
           
           
        APPELLEE
LIMITED PARTNERSHIP
 
------------
FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
The State of Texas appeals a take-nothing
judgment rendered for Lauderdale, L.P. ("Lauderdale"). In three
issues, the State complains that the trial court entered erroneous conclusions
of law, misconstrued the notice provision of section 391.034 of the Texas
Transportation Code, and improperly rendered the take-nothing judgment. We will
affirm.
The State sought a mandatory injunction
ordering Lauderdale to remove an outdoor advertising sign because it allegedly
violated the prohibition against unlawful outdoor advertising in chapter 391 of
the Texas Transportation Code. Trial was to the court. After the State rested,
Lauderdale moved for judgment on the ground that the State had failed to prove
compliance with a statutory notice requirement and "based on the evidence
as presented so far." The State unsuccessfully moved to reopen the evidence
to present additional evidence of notice, but did not make an offer of proof
after the trial court denied its motion.(2) The
trial court granted Lauderdale's motion for judgment, rendered a take-nothing
judgment against the State, and filed findings of fact and conclusions of law.
In its third issue, the State complains
that the trial court's conclusions of law are erroneous. When a defendant in a
bench trial wishes to rest his case without putting on any evidence, he should
move for judgment. McKinley Iron Works, Inc. v. Tex. Employment Comm'n,
917 S.W.2d 468, 470 (Tex. App.--Fort Worth 1996, no writ). Upon such a motion,
the trial court may rule on both the legal and factual issues in the case and
make fact findings and conclusions of law if requested by a party. Qantel
Bus. Sys., Inc. v. Custom Controls Co., 761 S.W.2d 302, 304 (Tex. 1988).
We review conclusions of law de novo to
determine whether they are correct. Tarrant County v. Denton County, 87
S.W.3d 159, 169 (Tex. App.--Fort Worth 2002, no pet.) (op. on reh'g). Although
findings of fact are reviewable for legal and factual sufficiency, unchallenged
findings are binding upon the appellate court unless the contrary is established
as a matter of law or there is no evidence to support the findings. Id.;
N.W. Park Homeowners Ass'n v. Brundrett, 970 S.W.2d 700, 704 (Tex.
App.--Amarillo 1998, pet. denied). The findings will be sustained if there is
any evidence to support them, and the appellate court will review the legal
conclusions drawn from the facts found to determine their correctness. Forbis
v. Trinity Universal Ins. Co., 833 S.W.2d 316, 319 (Tex. App.--Fort Worth
1992, writ dism'd).
In conclusion of law number 29, the trial
court concluded that the State failed to establish that the sign at issue was
maintained in violation of chapter 391 of the Texas Transportation Code and the
corresponding administrative rules in title 43, chapter 21 of the Texas
Administrative Code. Under section 391.031, it is unlawful for a person to
wilfully erect or maintain an outdoor advertising within 660 feet of the nearest
edge of a right-of-way if the advertising is visible from the main-traveled way
of the interstate or primary system. Tex. Transp. Code Ann. § 391.031(a)
(Vernon 1999). A sign does not violate section 391.031, however, if it meets the
660-foot spacing requirement and is located in an area (1) zoned for industrial
or commercial use or (2) in which the land use is consistent with that of an
area zoned for industrial or commercial use. Id. § 391.031(b)(4). In
addition, a directional sign does not violate section 391.031. Id. §
391.031(b)(1). A directional sign is a sign identifying, among other things, an
outdoor recreational area. 43 Tex. Admin. Code § 21.155(d)(1)(D) (last amended
1999) (Tex. Dep't of Transp.). The message on such a sign must be limited to
directional information useful to the traveler in locating the attraction or
activity, such as mileage, route numbers, or exit numbers. Id. §
21.155(c). The sign cannot contain descriptive words or phrases or pictorial or
photographic representations of the activity. Id. Further, it must meet
the size and spacing requirements set forth in the statute. Id. §
21.155(f), (h).
The trial court found that the State
failed to (1) establish that the land use in the area where the sign was located
was not consistent with an area designated as commercial or industrial, (2)
check the zoning in the area around the sign, or (3) measure the sign and obtain
an accurate measurement of the proximity of the sign to the highway
intersection. The trial court also found that the destination described on the
sign was an outdoor recreational activity and that the contents of the sign met
the content requirements for a directional sign.
The evidence in this case supports these
findings. For example, the sign at issue is an advertisement for Lauderdales on
the Lake. It contains the name of the attraction, an arrow indicating the
direction of and mileage to the attraction, and the words "floating
restaurant," "sandy beach," and "play ground" across
the bottom of the sign. The wording of the sign is some evidence to support the
trial court's finding that the sign's contents satisfied the content requirement
for a directional sign. Also, Thomas Ginest, the State's witness, admitted that
he had no knowledge of the zoning or land uses of the area around the sign. In
addition, correspondence between the State and Lauderdale showed that the State
had never objected to the sign as failing to meet the spacing requirements in
the administrative rules. This evidence supports the trial court's findings
concerning land use and spacing requirements. Finally, the fact findings set out
above support the trial court's conclusion that the State failed to establish
that Lauderdale maintained the sign in violation of chapter 391 of the
transportation code. Therefore, conclusion 29 is correct. We overrule issue
three and affirm the trial court's judgment.(3)
 
                                                                       
JOHN CAYCE
                                                                       
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.
 
DELIVERED: April 24, 2003

1. See Tex. R. App. P. 47.4.
2. See Tex. R. Evid. 103(a)(2).
3. In light of our holding that the State failed to
establish that Lauderdale violated the statute, we need not consider whether the
remainder of the challenged conclusions of law are correct or address the
State's remaining issues. See Tex. R. App. P. 47.1.