State v. Lauderdale, L.P.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-275-CV

THE STATE OF TEXAS APPELLANT

V.

LAUDERDALE, L.P., A TEXAS APPELLEE

LIMITED PARTNERSHIP

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The State of Texas appeals a take-nothing judgment rendered for Lauderdale, L.P. (“Lauderdale”).  In three issues, the State complains that the trial court entered erroneous conclusions of law, misconstrued the notice provision of section 391.034 of the Texas Transportation Code, and improperly rendered the take-nothing judgment. We will affirm.

The State sought a mandatory injunction ordering Lauderdale to remove an outdoor advertising sign because it allegedly violated the prohibition against unlawful outdoor advertising in chapter 391 of the Texas Transportation Code. Trial was to the court.  After the State rested, Lauderdale moved for judgment on the ground that the State had failed to prove compliance with a statutory notice requirement and “based on the evidence as presented so far.”  The State unsuccessfully moved to reopen the evidence to present additional evidence of notice, but did not make an offer of proof after the trial court denied its motion.
(footnote: 2)  The trial court granted Lauderdale’s motion for judgment, rendered a take-nothing judgment against the State, and filed findings of fact and conclusions of law.  

In its third issue, the State complains that the trial court’s conclusions of law are erroneous.  When a defendant in a bench trial wishes to rest his case without putting on any evidence, he should move for judgment.  
McKinley Iron Works, Inc. v. Tex. Employment Comm’n
, 917 S.W.2d 468, 470 (Tex. App.—Fort Worth 1996, no writ).  Upon such a motion, the trial court may rule on both the legal and factual issues in the case and make fact findings and conclusions of law if requested by a party.  
Qantel Bus. Sys., Inc. v. Custom Controls Co.
, 761 S.W.2d 302, 304 (Tex. 1988).

We review conclusions of law de novo to determine whether they are correct.  
Tarrant County v. Denton County
, 87 S.W.3d 159, 169 (Tex. App.—Fort Worth 2002, no pet.) (op. on reh’g).  Although findings of fact are reviewable for legal and factual sufficiency, unchallenged findings are binding upon the appellate court unless the contrary is established as a matter of law or there is no evidence to support the findings.  
Id
.; 
N.W. Park Homeowners Ass’n v. Brundrett
, 970 S.W.2d 700, 704 (Tex. App.—Amarillo 1998, pet. denied).  The findings will be sustained if there is any evidence to support them, and the appellate court will review the legal conclusions drawn from the facts found to determine their correctness.  
Forbis v. Trinity Universal Ins. Co.
, 833 S.W.2d 316, 319 (Tex. App.—Fort Worth 1992, writ dism’d).  

In conclusion of law number 29, the trial court concluded that the State failed to establish that the sign at issue was maintained in violation of chapter 391 of the Texas Transportation Code and the corresponding administrative rules in title 43, chapter 21 of the Texas Administrative Code.  Under section 391.031, it is unlawful for a person to wilfully erect or maintain an outdoor advertising within 660 feet of the nearest edge of a right-of-way if the advertising is visible from the main-traveled way of the interstate or primary system.  
Tex. Transp. Code Ann. 
§ 391.031(a) (Vernon 1999).  A sign does not violate section 391.031, however, if it meets the 660-foot spacing requirement and is located in an area (1) zoned for industrial or commercial use or (2) in which the land use is consistent with that of an area zoned for industrial or commercial use.  
Id
. § 391.031(b)(4).  In addition, a directional sign does not violate section 391.031.  
Id. 
§ 391.031(b)(1).  A directional sign is a sign identifying, among other things, an outdoor recreational area.  43 
Tex. Admin. Code 
§ 21.155(d)(1)(D) (last amended 1999) (Tex. Dep’t of Transp.).  The message on such a sign must be limited to directional information useful to the traveler in locating the attraction or activity, such as mileage, route numbers, or exit numbers.  
Id
. § 21.155(c).  The sign cannot contain descriptive words or phrases or pictorial or photographic representations of the activity.  
Id
.  Further, it must meet the size and spacing requirements set forth in the statute.  
Id
. § 21.155(f), (h).  

The trial court found that the State failed to (1) establish that the land use in the area where the sign was located was not consistent with an area designated as commercial or industrial, (2) check the zoning in the area around the sign, or (3) measure the sign and obtain an accurate measurement of the proximity of the sign to the highway intersection.  The trial court also found that the destination described on the sign was an outdoor recreational activity and that the contents of the sign met the content requirements for a directional sign. 

The evidence in this case supports these findings.  For example, the sign at issue is an advertisement for Lauderdales on the Lake.  It contains the name of the attraction, an arrow indicating the direction of and mileage to the attraction, and the words “floating restaurant,” “sandy beach,” and “play ground” across the bottom of the sign.  The wording of the sign is some evidence to support the trial court’s finding that the sign’s contents satisfied the content requirement for a directional sign.  Also, Thomas Ginest, the State’s witness, admitted that he had no knowledge of the zoning or land uses of the area around the sign.  In addition, correspondence between the State and Lauderdale showed that the State had never objected to the sign as failing to meet the spacing requirements in the administrative rules.  This evidence supports the trial court’s findings concerning land use and spacing requirements.  Finally, the fact findings set out above support the trial court’s conclusion that the State failed to establish that Lauderdale maintained the sign in violation of chapter 391 of the transportation code.  Therefore, conclusion 29 is correct.  We overrule issue three and affirm the trial court’s judgment.
(footnote: 3)

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  April 24, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
See 
Tex. R. Evid. 
103(a)(2).

3:
In light of our holding that the State failed to establish that Lauderdale violated the statute, we need not consider whether the remainder of the challenged conclusions of law are correct or address the State’s remaining issues.  
See 
Tex. R. App. P.
 47.1.